**Ingrid CAPEHART, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 05–71306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Filed Nov. 7, 2006.

Wendy S. Pearson, Esq., Terri A. Merriam, Esq., Pearson Merriam, PC, Seattle, WA, for Petitioner–Appellant.

Robert R. Di Trolio, U.S. Tax Court, B. John Williams, Jr., Esq., Acting Chief Counsel Internal Revenue Service, Gary R. Allen, Esq., Bethany B. Hauser, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent–Appellee.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY,* District Judge.

MEMORANDUM **

Petitioner–Appellant, Ingrid Capehart, appeals the decision of the United States Tax Court upholding the denial by the Commissioner of Internal Revenue of her claim for relief under the "innocent spouse" provisions of 26 U.S.C. §§ 6015(b),

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(c) and (f). We review for clear error the Tax Court's determination that Mrs. Capehart was not entitled to innocent spouse relief under §§ 6015(b) and (c). *Pietromonaco v. Commissioner*, 3 F.3d 1342, 1344 (9th Cir.1993). The decision of the Commissioner to deny Mrs. Capehart relief under § 6015(f) is reviewed for abuse of discretion. *Mitchell v. Commissioner*, 292 F.3d 800, 807 (D.C.Cir.2002). We affirm.

■ The Tax Court did not commit clear error in finding Mrs. Capehart ineligible for innocent spouse relief under § 6015(b). To qualify for relief under that section, Mrs. Capehart must show that the erroneous items were attributable solely to Mr. Capehart, that she had no reason to know of the understatement in the return, and that it would be inequitable to hold her liable for the deficiency. 26 U.S.C. § 6015(b)(1). Failure to prove any one of these factors makes Mrs. Capehart ineligible for relief under this section. *Alt v. Commissioner*, 119 T.C. 306, 313, 2002 WL 31828632 (2002), *aff'd* 101 Fed.Appx. 34 (6th Cir.2004). Because Mrs. Capehart took a substantial role in managing the family's Hoyt investment, it was not clear error for the Tax Court to find the erroneous items attributable to Mrs. Capehart as well as to her husband.

■ The Tax Court also did not clearly err in finding that Mrs. Capehart was not entitled to relief under § 6015(c) in any amount beyond that conceded by the Commissioner. Because the Hoyt investments were equally attributable to Mrs. Capehart and to her husband, it was not clear error for the Tax Court to conclude that the erroneous items giving rise to the understatement of tax would not have been allocated solely to Mr. Capehart had the couple filed separately. She also failed to prove that she was entitled to a more favorable allocation than that conceded by the Commissioner.

■ Finally, the Commissioner did not abuse his discretion in denying Mrs. Capehart equitable relief under § 6015(f). The erroneous items on the tax returns were attributable to both Mrs. Capehart and her husband; Mrs. Capehart was concerned about the large deductions on the tax returns and yet she made no inquiry to verify the accuracy of those items; Mrs. Capehart received a significant benefit from the understatements in terms of increased cash flow from erroneous tax refunds; there was no evidence that Mrs. Capehart would suffer economic hardship if she were held liable for the deficiencies; and Mrs. Capehart's husband did not abuse or mislead her.

**AFFIRMED.**