T.C. Memo. 2007-328

UNITED STATES TAX COURT

STACY LEE GONCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7920-06.                     Filed November 1, 2007.

Stacy Lee Gonce, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to
respondent's denial of petitioner's request for relief under
section 6015(f) with respect to unpaid taxes on a joint return
filed by petitioner and her former spouse for 1998, 1999, 2000,
and 2001.  The liability for 1998 has been paid in full, and
petitioner is not seeking a refund of any payments she has made

toward the tax liability for that year. The remaining issues to be decided are whether petitioner is eligible for relief from joint and several liability under section 6015(b) or (c) for taxable years 1999 and 2001 and whether she is entitled to relief under section 6015(f) for 1999, 2000, and 2001. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated into our findings by this reference. Petitioner resided in the State of Washington at the time she filed this petition.

Petitioner filed joint Federal income tax returns, all of which were signed by petitioner, with her former spouse, Daryl F. Gonce (Mr. Gonce), for the years in issue. Petitioner and Mr. Gonce reported overpayments on their 1998 and 1999 Federal tax returns of $2,357 and $2,083, respectively. Petitioner and Mr. Gonce reported underpayments on their 2000 and 2001 returns of $1,188 and $2,528, respectively.

Petitioner and Mr. Gonce were married in 1980, separated in 2002, and divorced in 2004. Petitioner and Mr. Gonce have three children, the youngest of whom was approximately 20 years old at the time of trial.

Petitioner received a bachelor of education degree from Western Washington University in 1999 and was employed as a teacher during the years in issue.  Mr. Gonce has a high school general equivalency diploma and worked in the sale of automobile parts business during the years in issue.

To supplement their income, petitioner and Mr. Gonce worked separate newspaper routes in 1998 and 1999.  In 2000 and 2001, Mr. Gonce continued to work his newspaper route.  Mr. Gonce received nonemployee compensation of approximately $10,000 annually for the years 1998 through 2001 for his newspaper route. Petitioner received nonemployee compensation of $7,675 in 1998 and $2,829 in 1999 for her newspaper route, which she discontinued sometime in 1999.  Neither petitioner nor Mr. Gonce reported any of the income they received in 1998 and 1999 with regard to their respective newspaper routes on their returns for those years.  Mr. Gonce did report income from his newspaper route for 2000 and 2001, but respondent assessed an understatement of tax attributable to income related to Mr. Gonce's newspaper route for 2001.

During the years in issue, petitioner and Mr. Gonce maintained a joint bank account.  Petitioner's and Mr. Gonce's regular paychecks and the compensation from their respective newspaper routes were deposited into the joint bank account.  All household bills and the mortgage payments on the Gonces' house

were paid from the joint bank account. Petitioner and Mr. Gonce both wrote checks from the joint bank account during the years in issue, and petitioner reviewed their monthly bank statements and balanced their checkbooks at least sometimes. Petitioner made deposits, wrote checks, and withdrew funds from the joint bank account during the years in issue. During their marriage, petitioner knew that Mr. Gonce always bought on credit and that he and petitioner regularly spent more money than they earned.

Pursuant to petitioner's and Mr. Gonce's divorce decree, petitioner received sole title to the Gonces' house by quitclaim deed. The divorce decree also divided the Gonces' joint tax liabilities, requiring each spouse to pay one-half of their total tax liabilities at the time of the divorce.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). When a husband and wife elect to file a joint Federal income tax return, they are jointly and severally liable for the entire tax due on that return. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, section 6015 provides for relief for a requesting spouse from joint and several liability in certain circumstances. Section 6015(b) provides general relief from joint and several liability if certain requirements are met, and section 6015(c), if applicable, provides for an allocation of

liability as if the spouses had filed separate returns.  If neither section 6015(b) nor (c) applies, section 6015(f) provides for relief on other equitable grounds.

Section 6015(b) provides, in pertinent part, as follows:

> SEC. 6015(b).  Procedures for Relief From Liability Applicable to All Joint Filers.--
>
> > (1) In general.--Under procedures prescribed by the Secretary, if--
> >
> > > (A) a joint return has been made for a taxable year;
> > >
> > > (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;
> > >
> > > (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
> > >
> > > (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
>
> > * * * * * * *
>
> > then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

The requirements of section 6015(b)(1) are stated in the conjunctive.  Accordingly, a failure to meet any one of them prevents a requesting spouse from qualifying for the relief

offered therein. Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Petitioner does not meet all the requirements of section 6015(b)(1) for 1999 or 2001. The 1999 return does not include the $2,829 of nonemployee compensation that petitioner received from her newspaper route that year. To the extent that the understatement of tax for 1999 is attributable to petitioner's own unreported income, it is not attributable solely to Mr. Gonce as required for relief under section 6015(b)(1).

Respondent concedes that the understatement of tax due for 2001 is attributable exclusively to Mr. Gonce. However, section 6015(b)(1)(C) is not satisfied for either 1999 or 2001. Petitioner has not shown that she did not know and had no reason to know of the understatement of tax in those years. See Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000) (holding that a requesting spouse does not meet the requirement of section 6015(b)(1)(C) if she has actual knowledge of the underlying transaction that produced the omitted income), affd. 282 F.3d 326 (5th Cir. 2002). Petitioner had actual knowledge of the payments she and Mr. Gonce received as compensation for maintaining their individual newspaper routes during the years in issue. Petitioner had the opportunity to review the tax returns for those years to ensure that all of petitioner's and Mr. Gonce's income was reported accurately before she signed those returns,

but she failed to do so. Thus, petitioner is not eligible for relief from joint and several liability for the years in issue under section 6015(b).

Section 6015(c) provides procedures for a requesting spouse, where a deficiency has been assessed and the taxpayers who filed jointly are now divorced, legally separated, or no longer members of the same household, to elect to limit her liability to the amount of a deficiency properly allocable to the requesting spouse. Sec. 6015(c)(3). However, the requesting spouse is ineligible to elect section 6015(c) relief if she had actual knowledge, when signing the return, of any item giving rise to a deficiency that is allocable to the other spouse. Sec. 6015(c)(3)(C). There is no dispute that petitioner had actual knowledge of the payments she and Mr. Gonce received for maintaining their respective newspaper routes; those payments gave rise to the deficiencies in tax for the years in issue. Thus, she does not qualify for relief under section 6015(c). See Mitchell v. Commissioner, T.C. Memo. 2000-332, affd. 292 F.3d 800 (D.C. Cir. 2002).

Section 6015(f) provides for equitable relief if, taking into account all of the facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency. As directed by section 6015(f), the Commissioner has prescribed guidelines under which a taxpayer may qualify for

equitable relief from liability on a joint return for tax owed on income attributable to the nonrequesting spouse. See Rev. Proc. 2003-61, 2003-2 C.B. 296. Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. 298, provides in relevant part that relief ordinarily will be granted to a requesting spouse with regard to underpayments of tax attributable to the nonrequesting spouse if three criteria are met. The first criterion, that the requesting spouse is no longer married to or is legally separated from the nonrequesting spouse or is not a member of the same household at any time during the 12 months prior to the request for relief, is satisfied in this case.

The second criterion, that, at the time the joint return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid and that it was reasonable to believe that the nonrequesting spouse would pay the liability, is not satisfied in this case. Petitioner and Mr. Gonce reported underpayments on their 2000 and 2001 Federal tax returns, both of which were signed by petitioner, of $1,188 and $2,528, respectively. When those returns were filed, petitioner knew that Mr. Gonce always bought on credit and that she and Mr. Gonce spent more than they made. Petitioner has not shown that it was reasonable to rely on Mr. Gonce to pay the tax due for those years.

The third criterion under section 4.02 of Rev. Proc. 2003-61 is that the requesting spouse will suffer economic hardship if relief is not granted. Economic hardship for these purposes is defined as the inability to pay reasonable basic living expenses if the requesting spouse is held liable for the tax owed. See sec. 301.6343-1(b)(4), Proced. & Admin. Regs. The ability to pay reasonable basic living expenses is determined by considering the following nonexclusive factors: The taxpayer's age; employment status; ability to earn; number of dependents; expenses for food, clothing, housing, and transportation; and any extraordinary circumstances. Id.

The Appeals officer assigned to petitioner's case computed petitioner's gross monthly income and living expenses and concluded that her income exceeded her expenses and that holding her accountable for the tax owed would not result in economic hardship. The Appeals officer did not include petitioner's health care costs in calculating her monthly expenses because petitioner presented no evidence on this matter at her meeting with the officer. Petitioner presented at trial a log of out-of-pocket medical expenses paid by petitioner in recent years. According to the log, petitioner incurred approximately $400 in out-of-pocket medical expenses in 2006. Petitioner testified at trial that she earned gross wages of approximately $51,000 in 2006. In the computation performed in February 2006, the Appeals

officer assumed petitioner's annual gross wages were approximately $30,000.  Regardless of whether the $30,000 gross wages estimation or the $51,000 actual gross wages is used in the computation to determine economic hardship, petitioner's actual medical expenses presented at trial are not substantial enough for us to conclude that she would be unable to pay her basic living expenses if relief were not granted.

Respondent argues that we should limit our review of the denial of section 6015(f) relief to the record available to the Appeals officer during respondent's administrative review and refuse to consider petitioner's medical expenses because the substantiating log of expenses is not part of the administrative record.  In view of our conclusion that the evidence is insufficient to show economic hardship, we need not address respondent's argument.

Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, provides an alternative test for equitable relief if a taxpayer does not meet the requirements of Rev. Proc. 2003-61, sec. 4.02.  Rev. Proc. 2003-61, sec. 4.03, lists several relevant factors that the Commissioner considers and weighs in making a determination about whether section 6015(f) relief should be granted.  Those factors include:

(i) Whether the requesting spouse is separated or divorced from the nonrequesting spouse;

(ii) whether the requesting spouse would suffer economic hardship if relief from the liability is not granted;

(iii) whether the requesting spouse had knowledge or reason to know either of the item giving rise to the tax deficiency or that the nonrequesting spouse would not pay the tax liability;

(iv) whether the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability;

(v) whether the requesting spouse has significantly benefited (beyond normal support) from the unpaid liability or item giving rise to the deficiency; and

(vi) whether the requesting spouse has made a good faith effort to comply with Federal income tax laws in the tax years subsequent to the years to which the request for relief relates. Rev. Proc. 2003-61, sec. 4.03(2)(a).

Although petitioner is divorced from Mr. Gonce, the nonrequesting spouse, several of the other Rev. Proc. 2003-61, sec. 4.03, factors weigh against granting petitioner relief from joint and several liability. We have already concluded that, even taking into account her medical bills, petitioner would not suffer economic hardship if relief is not granted. Petitioner not only knew about Mr. Gonce's newspaper route during the years in issue, but she also maintained her own newspaper route in 1998 and 1999 and was familiar with the payments and procedures

associated with maintaining those routes. Pursuant to their divorce decree, petitioner and Mr. Gonce each had obligations to pay an equal share of their then-outstanding tax liabilities, and the tax liability was not allocated in the decree to Mr. Gonce alone. She and Mr. Gonce shared a joint checking account, into which all of petitioner's and Mr. Gonce's paychecks were deposited. Such benefits did not extend beyond her normal support. The absence of other benefits weighs in favor of petitioner. See Ferrarese v. Commissioner, T.C. Memo. 2002-249. Finally, although petitioner was entitled to a refund in 2002 and 2004, she filed her Federal income tax returns late in those years. We do not believe this last element weighs either for or against petitioner.

Rev. Proc. 2003-61, sec. 4.03(2)(b), 2003-2 C.B. at 299, lists two additional factors that may weigh in favor of equitable relief under section 6015(f), but that will not weigh against relief if not present:

> (i) * * * Whether the nonrequesting spouse abused the requesting spouse. The presence of abuse is a factor favoring relief. A history of abuse by the nonrequesting spouse may mitigate a requesting spouse's knowledge or reason to know.

> (ii) * * * Whether the requesting spouse was in poor mental or physical health on the date the requesting spouse signed the return or at the time the requesting spouse requested relief. * * *

Petitioner reported on her Form 12510, Questionnaire for Requesting Spouse, that she had never been abused by Mr. Gonce

and that she was not suffering from a mental or physical ailment at the time she signed the joint returns or at the time she requested relief.  Thus, these additional factors do not weigh in favor of relief for petitioner.

Taking into account all of the facts and circumstances, we are not persuaded that it is inequitable to hold petitioner liable for the deficiencies for the years in issue or that it was an abuse of discretion for respondent to deny petitioner relief under section 6015.  In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.