T.C. Summary Opinion 2009-147

UNITED STATES TAX COURT

MICHAEL JAY GARCIA, Petitioner,
AND PAMELA G. BUZBY, Intervenor
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24587-07S.                  Filed September 22, 2009.

Michael Jay Garcia, pro se.

Pamela G. Buzby, pro se.

<u>Susan M. Fenner</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

case.  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner contests the denial of relief from joint and several liability under section 6015(f) for 1999 and 2000. Intervenor, who was relieved of liability for the additions to tax under sections 6651(a)(2) and 6654(a), has paid the underlying tax liabilities.  Respondent and petitioner now agree that petitioner is entitled to relief under section 6015(f) from liability for the additions to tax.  Intervenor opposes petitioner's relief from liability for the additions to tax.

The issue for decision is whether petitioner is entitled to relief from liability for the additions to tax under section 6015(f).

Background

The stipulations of fact and the exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Texas.

Petitioner and intervenor filed their Federal income tax return for 1999 showing a tax due of $7,758.[1]  Petitioner's business was "Land Maintenance" and intervenor was a "Management Consultant".  The return included a Schedule C, Profit or Loss

_____

[1]Petitioner and intervenor were married on Mar. 24, 2000, and divorced on Mar. 11, 2002.

From Business, for petitioner showing a loss of $5,083 and a Schedule C for intervenor showing a net profit of $39,133.

The return for 2000 showed a tax due of $2,869. Petitioner's lawn maintenance Schedule C reported a net loss of $1,787. Petitioner's "delivery service" Schedule C reported a net profit of $774. Intervenor reported Schedule C "records consulting" net income of $12,086. The return also reported wages of $38,751.

Intervenor filed a request for relief from joint liability. On the Form 12510, Questionnaire for Requesting Spouse, that intervenor provided to respondent, she stated that she prepared the tax returns and that both her income and petitioner's were deposited into their joint bank accounts. According to intervenor, all bills were paid from the joint accounts, to which she had full access. Intervenor, who attended college for 2 years, stated that she also balanced the checkbook.

Petitioner also filed a request for relief from joint liability. Petitioner was notified in a letter dated July 27, 2007, that his request for relief from joint liability was denied because "You did not respond to our request for additional information." After the petition and the answer were filed, however, respondent moved for a continuance in order to further consider petitioner's request for relief. The Court granted the

motion, and respondent's Appeals Office, after review, granted petitioner relief from joint and several liability.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). The determination of the marital status of taxpayers is made as of the close of the taxable year. Sec. 6013(d)(1)(A). Because petitioners were not married until March 2000, they were not as of the close of 1999 husband and wife and were not entitled to file a joint return. Petitioner, a single person incurring a net loss for the year, was not required to file a Federal income tax return for 1999. See sec. 6012(a).

Petitioner is not liable for the additions to tax under sections 6651(a)(2) and 6654(a) for 1999 because the return was not a valid joint return on which he was either jointly or severally liable.

Where, however, a husband and wife have made a valid election to file a joint Federal income tax return, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015(b), or if eligible, may seek allocation of liability for the item giving rise to the deficiency under section 6015(c).

Where an individual elects to have section 6015(b) or (c) apply, or in the case of an individual who requests equitable relief under section 6015(f),[2] section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section". The Court will apply a de novo scope and standard of review. Porter v. Commissioner, 132 T.C. ___ (2009).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proving entitlement to relief. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Where relief is not available under section 6015(b) or (c), section 6015(f) grants the Commissioner discretion to relieve an individual from joint liability if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency.

As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, to be used in determining whether an individual qualifies for relief

---

[2]The Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 3061, amended sec. 6015(e)(1) to provide that this Court may review the Commissioner's denial of relief under sec. 6015 in any case where an individual requested relief under sec. 6015(f). The amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act [Dec. 20, 2006]." Id. sec. 408(c), 120 Stat. 3062.

under that section.[3]  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297, sets forth seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent determined that petitioner satisfied all of the threshold conditions.

Where the threshold conditions have been met, Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, states that relief will ordinarily be granted with respect to underpayments of tax if all of the three so-called tier 1 factors are satisfied.  Respondent determined that petitioner failed to satisfy all of the tier 1 factors.  See id.

Where the requesting spouse has satisfied the threshold conditions of section 4.01 but does not qualify for relief under section 4.02, a determination may nevertheless be made under section 4.03 to grant relief.  Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, contains a nonexhaustive list of factors, so-called tier 2 factors, that the IRS will consider and weigh when determining whether to grant equitable relief under section 6015(f).  Respondent, after considering the tier 2 factors, found that those favoring relief outweighed those disfavoring relief.

---

[3]Rev. Proc. 2003-61, 2003-2 C.B. 296, supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447.  The guidelines set forth in Rev. Proc. 2003-61, supra, are effective for requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending as of Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003.  Id. sec. 7, 2003-2 C.B. at 299.

The factual issues to which intervenor's argument, testimony, and other evidence were directed--whether petitioner worked in 2000,[4] used their ATM/check card, and signed the returns--do not bear directly on any of the factors respondent considered in making his decision to grant relief to petitioner.

The Court has reviewed the factors on which respondent based his determination and comes to the same conclusion as does respondent. Petitioner is entitled to relief under section 6015(f) from the additions to tax under sections 6651(a)(2) and 6654(a) for 2000.

To reflect the foregoing,

Decision will be entered
for petitioner.

---

[4]Intervenor, however, prepared the return and testified that the income shown on the Forms 1099-MISC, Miscellaneous Income, was reported on the 2000 Federal income tax return. She presses this point, apparently, to suggest that petitioner made a misstatement on his request for relief from joint liability.