119 T.C. No. 19


UNITED STATES TAX COURT


ROSALINDA E. ALT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2964-01.                    Filed December 17, 2002.


     P filed joint tax returns for taxable years 1982
to 1988 with H.  H filed a return in 1989 with the
filing status of "Married filing separate".  P did not
file a tax return in 1989.  R determined deficiencies
against P and H for taxable years 1982 to 1988.  P sent
R a Form 8857, Request for Innocent Spouse Relief, for
taxable years 1982 to 1989.  R sent P a notice of
determination determining that P was not entitled to
relief under I.R.C. sec. 6015(b), (c), and (f) for
taxable years 1982 to 1988.  R sent P a letter
determining that no relief under I.R.C. sec. 6015 was
available for 1989 because P did not file a joint
return.

     <u>Held</u>:  Pursuant to I.R.C. sec. 6015(e), we have
jurisdiction to review the denial of P's request for
relief under I.R.C. sec. 6015 for taxable years 1982 to
1988, and we have jurisdiction to review R's failure to
make a determination on P's request for relief under
I.R.C. sec. 6015 for 1989.

Held, further, P is not entitled to relief under I.R.C. sec. 6015 for 1989 because she did not file a joint return. Raymond v. Commissioner, 119 T.C. 191 (2002).

Held, further, pursuant to I.R.C. sec. 6015(b)(1)(D), P is not entitled to relief under I.R.C. sec. 6015(b) for taxable years 1982 to 1988 because, taking into account all facts and circumstances, it is not inequitable to hold P liable for the deficiencies.

Held, further, pursuant to I.R.C. sec. 6015(c)(3)(A)(i), P is not entitled to relief under I.R.C. sec. 6015(c) for taxable years 1982 to 1988 because P and H are still married, have not separated, and remained members of the same household during the 12-month period preceding the filing of the election by petitioner.

Held, further, R did not abuse his discretion in denying P relief under I.R.C. sec. 6015(f) for taxable years 1982 to 1988 because we held that, taking into account all facts and circumstances, it is not inequitable to hold P liable for the deficiencies under I.R.C. sec. 6015(b)(1)(D).

Rosalinda E. Alt, pro se.

A. Gary Begun, for respondent.

VASQUEZ, Judge: This case arises from a request for relief under section 6015[1] with respect to petitioner's taxable years 1982 to 1989 (years at issue). The issues for decision are: (1)

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

Whether petitioner is entitled to relief under section 6015(b) for the years at issue; (2) whether petitioner is entitled to relief under section 6015(c) for the years at issue; and (3) whether respondent abused his discretion in denying petitioner relief under section 6015(f) for the years at issue.

FINDINGS OF FACT

On August 13, 2001, respondent filed a Motion to Show Cause Why Proposed Facts In Evidence Should Not Be Accepted As Established under Rule 91(f). Respondent attached to his motion a proposed stipulation of facts and exhibits. On August 14, 2001, the Court issued an Order to Show Cause Under Rule 91(f), requiring petitioner to respond as to why matters set forth in respondent's motion should not be deemed admitted. On November 1, 2001, the Court made absolute its Order to Show Cause Under Rule 91(f), providing that the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established, and exhibits in the proposed stipulation of facts were received into evidence and made a part of the record of the case. The stipulation of facts, deemed admissions, and the attached exhibits are incorporated herein by this reference.

At the time she filed her petition, petitioner resided in Douglas, Michigan, and had a mailing address in Holland, Michigan.

At the time of trial, petitioner was 74 years old. Petitioner received a bachelor's degree from Wayne State University in 1948 and a master's degree in education from the University of Michigan in 1953. Petitioner worked as a first grade teacher until her first child was born in 1955, when she became a stay-at-home mother. Petitioner has four children who are now adults: Nan, Karen, Robert, and Gretchen.

Petitioner married Dr. William J. Alt (Dr. Alt) in 1954, was married to Dr. Alt during the years at issue, and is currently married to Dr. Alt. Dr. Alt graduated from medical school at the University of Michigan in 1953, began his medical practice in Muskegon, Michigan, in 1959, and practices internal medicine with a specialty in cardiovascular disease. Prior to the years at issue, petitioner and Dr. Alt owned a 2,500-square-foot home.

From the beginning of Dr. Alt's medical practice, petitioner and Dr. Alt used a tax preparer, Mr. Ron Schultz (Mr. Schultz), who was not a C.P.A. but worked with an accounting firm. Petitioner would sign the tax returns without reviewing the contents. In the early 1980s, Mr. Schultz retired, and petitioner's daughter, Karen, took over the financial affairs of petitioner and Dr. Alt and would prepare their tax returns. Karen's corporation, K.L. Financial Management, was shown as the tax preparer. Each year from 1975 through the years at issue,

except for 1978, petitioner and Dr. Alt had deficiencies determined on their jointly filed tax returns.[2]

Through K.L. Financial Management, Karen created over 40 corporations through which Dr. Alt's income was funneled. Petitioner's family members were listed as the officers of these corporations, and several of the corporations were nominees of petitioner and Dr. Alt. Petitioner and Dr. Alt maintained no personal bank accounts and paid their personal expenses (household expenses, trips, shopping, and leased cars) through the corporate bank accounts. During the years at issue, petitioner paid the personal expenses and often made deposits into the corporate bank accounts on behalf of Karen and Dr. Alt.

During the years at issue, petitioner and Dr. Alt purchased several properties, including houses for their children and a 600-acre riverfront property upon which a Georgian mansion was being built. Further, Dr. Alt had a pension fund of $500,000, and Dr. Alt and petitioner borrowed $500,000 in order to purchase a business for their son. Petitioner was able to purchase valuable antiques. Petitioner and Dr. Alt also provided

---

[2] On Apr. 29, 1985, petitioner and Dr. Alt filed a petition with the Tax Court regarding a notice of deficiency for the 1981 taxable year. On May 27, 1986, the Court entered a decision in which the parties agreed that petitioner and Dr. Alt owed taxes in the amount of $83,655.40 plus additions to tax for the 1981 taxable year. Petitioner signed this decision document.

financial assistance to their children and fully paid for their children to attend undergraduate and graduate schools, including medical school for Nan and law school for Karen.

Petitioner and Dr. Alt filed their tax returns for the years 1982 to 1988 with a filing status of "Married filing joint return" (joint return). Respondent treated the tax return for 1989 as if Dr. Alt filed the return with a filing status of "Married filing separate" because petitioner did not sign the return. Respondent has no records indicating that petitioner filed a tax return for 1989. Petitioner chose not to review the tax returns prior to signing them, even though she was aware of past problems with the IRS. Dr. Alt never forced petitioner to sign the tax returns and never abused petitioner.

On April 5, 1989, respondent sent to petitioner and Dr. Alt a notice of deficiency for the 1985 taxable year. Respondent's adjustments giving rise to the deficiency resulted largely from disallowed deductions. Respondent also determined that petitioner and Dr. Alt were liable for additions to tax for negligence and substantial understatement of tax.

On October 10, 1991, respondent sent to petitioner and Dr. Alt a notice of deficiency for the 1982, 1983, 1984, 1986, 1987, and 1988 taxable years.[3] Respondent determined that amounts

---

[3] On the same date, respondent also sent to petitioner and Dr. Alt a notice of deficiency regarding increases in the
(continued...)

received from Dr. Alt's medical practice (William J. Alt, M.D., P.C.) as corporate distributions were taxable income. Respondent made other adjustments, including additions to tax for fraud.

On January 10, 1992, petitioner and Dr. Alt filed a petition with the Court to dispute the notices of deficiency for the 1982, 1983, 1984, 1986, 1987, and 1988 taxable years. On January 13, 1992, Dr. Alt filed a petition to dispute the notice of deficiency for the 1989 taxable year. On February 22, 1993, the parties filed a Stipulation of Settlement with this Court, in which petitioner and Dr. Alt agreed that they were liable for the following deficiencies and additions to tax[4] for the 1982, 1983, 1984, 1986, 1987, and 1988 taxable years:[5]

| | | Additions to Tax[1] | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(b)(1) | 6653(b) | 6661 |
| 1982 | $78,510 | $39,255 | --- | $19,628 |
| 1983 | 176,832 | 88,416 | --- | 44,208 |
| 1984 | 160,170 | 80,085 | --- | 40,043 |
| 1986 | 222,252 | 166,689 | --- | 55,563 |
| 1987 | 230,686 | 173,014 | --- | 57,671 |
| 1988 | 221,009 | --- | $165,756 | 55,252 |

[1] Further additions to tax were applied to the taxable years 1982, 1983, and 1984 under sec.

---

[3](...continued)
deficiencies for the 1987 and 1988 taxable years.

[4] Amounts are rounded to the nearest dollar amount.

[5] Within the Stipulation of Settlement, Dr. Alt also agreed that he was liable for a $479,404 deficiency and a $359,553 addition to tax under sec. 6663 for the 1989 taxable year.

6653(b)(2), and to the taxable years 1986 and 1987 under sec. 6653(b)(1)(B).

On April 27, 1993, the Court entered a decision pursuant to this stipulation of settlement. In March 1994, on the basis of the reversal of Dr. Alt's criminal conviction,[6] petitioner and Dr. Alt filed a motion to vacate or revise this decision with the Court. The Court denied the motion. Alt v. Commissioner, T.C. Memo. 1994-313.

After serving 25 months in prison, Dr. Alt reestablished his medical practice in 1995. After the IRS seized assets to pay taxes owed by petitioner and Dr. Alt, petitioner began to work as a receptionist at her daughter Nan's and Dr. Alt's offices, Clinical Psychiatric Medicine and Clinical Cardiology-Internal Medicine, respectively. Petitioner is a corporate officer of Clinical Cardiology-Internal Medicine, P.C. Petitioner and Dr. Alt earned the following amounts from Dr. Alt's medical practice and petitioner's receptionist work:

---

[6] In 1990, Karen and Dr. Alt were indicted on five counts of Federal tax violations under sec. 7201, including attempted evasion, and aiding and abetting in the attempted evasion, of personal and corporate income taxes of Dr. Alt for the taxable years of 1983 and 1984. Karen and Dr. Alt were both convicted and sentenced to imprisonment and fined. In June 1993, the U.S. Court of Appeals for the Sixth Circuit reversed the convictions due to an improper jury instruction. In May 1994, Dr. Alt entered into a plea agreement and pleaded guilty to a misdemeanor under sec. 7203 in exchange for the dismissal of the indictment and commutation of the sentence to time already served.

| Year | Dr. Alt | Petitioner | Total |
|------|---------|------------|-------|
| 1997 | $13,200 | $39,375 | $52,575 |
| 1998 | 35,246 | 105,655 | 140,901 |
| 1999 | 53,761 | 83,987 | 137,748 |
| 2000 | 100,800 | 74,154 | 174,954 |

Currently, petitioner and Dr. Alt financially support no one other than each other.

On April 14, 2000, respondent received Form 8857, Request for Innocent Spouse Relief, from petitioner for taxable years 1982 through 1989. On August 8, 2000, Revenue Agent Susan Carene met with petitioner to discuss the request. On September 29, 2000, respondent sent petitioner a letter determining that she was not entitled to any relief under section 6015(b), (c), and (f) for the taxable years 1982 through 1988. The same day, respondent sent petitioner a letter determining that no relief under section 6015 was available for 1989 because petitioner did not file a joint return for that year. On October 30, 2000, respondent received a Form 12509, Statement of Disagreement, from petitioner disputing the determinations. On December 8, 2000, respondent sent petitioner a final notice of determination in which respondent determined that petitioner was not entitled to relief under section 6015(b), (c), and (f) for the taxable years 1982 through 1988.

On March 2, 2001, petitioner filed a petition with this Court to dispute respondent's denial of relief under section 6015 for taxable years 1982 through 1989.

OPINION

Generally, spouses filing a joint tax return are each fully responsible for the accuracy of their return and for the full tax liability. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). Section 6015, however, provides various means by which a spouse can be relieved of this joint and several obligation. Petitioner makes her claim for such relief under section 6015(b), (c), and (f). Except as otherwise provided in section 6015, petitioner bears the burden of proof. Rule 142(a).

I.   Jurisdiction

Our jurisdiction for taxable years 1982 to 1989 is dependent on section 6015(e) because petitioner's claim for relief was made in a "stand alone" petition. Ewing v. Commissioner, 118 T.C. 494, 497 (2002). Respondent treated petitioner's request for relief under section 6015 as an election under section 6015(b), (c), and (f). Further, petitioner timely filed her petition with the Court for taxable years 1982 through 1988. We hold that we have jurisdiction under section 6015(e) to review the denial of petitioner's request for relief under section 6015 for taxable years 1982 through 1988.

Further, section 6015(e) allows a spouse who has requested relief to petition the Commissioner's failure to make a timely determination.  Id. at 497.  Respondent did not send petitioner a notice of determination with regard to 1989.  The absence of a notice of determination does not bar this Court from having jurisdiction under section 6015(e) as long as the petition is filed on a date which is 6 months after the date the election is filed.  Sec. 6015(e)(1)(A)(i)(II).  The petition for 1989 was timely filed.  We, therefore, hold that we have jurisdiction under section 6015(e) to review respondent's failure to make a determination on petitioner's request for relief under section 6015 for 1989.

II.  1989 Tax Return

Petitioner requested relief under section 6015 for her 1989 tax return.  Respondent argues that petitioner is not entitled to relief under section 6015 because she did not file a joint return with her spouse for 1989.

Petitioner did not file a joint return for 1989.  We have held that a joint return must be filed in order for a taxpayer to be granted relief under section 6015.  Raymond v. Commissioner, 119 T.C. 191, 197 (2002).  Petitioner, therefore, is not entitled to relief under section 6015 because she did not file a joint return for 1989.

III.  1982 Through 1988 Tax Returns

Petitioner requests that the Court grant her relief from her 1982 through 1988 tax liabilities under section 6015(b), (c), or (f).  Petitioner contends that she relied on professionals to prepare her tax return because the Federal tax laws are complex, complicated, and confusing.

Respondent argues that petitioner is not entitled to relief under section 6015(b), (c), or (f).  Respondent contends that petitioner failed to prove that she meets the requirements in section 6015(b)(1)(B), (C), and (D).  Further, respondent argues that petitioner is not eligible for relief under section 6015(c) because she is still married to Dr. Alt.  Respondent also argues that he did not abuse his discretion in denying relief under section 6015(f) to petitioner because the factors in favor of not granting relief under section 6015(f) outweigh the factors in favor of granting relief to petitioner.

A.   Relief Under Section 6015(b)

To qualify for relief from joint and several liability under section 6015(b)(1), a taxpayer must establish that

> (A) a joint return has been made for a taxable year;

> (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

> (C) the other individual filing the joint return establishes that in signing the return he or she did

not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election, * * *.

The requirements of section 6015(b)(1) are stated in the conjunctive. Accordingly, a failure to meet any one of them prevents a requesting spouse from qualifying for relief offered therein. Respondent contends that petitioner failed to establish the requirements of subparagraphs (B), (C), and (D). We need not decide whether petitioner satisfies the requirements of subparagraphs (B) and (C) because, taking into account all of the facts and circumstances as required by subparagraph (D), we find that it would not be inequitable to hold her liable for the deficiencies in tax.

The requirement in section 6015(b)(1)(D), that it be inequitable to hold the requesting spouse liable for an understatement on a joint return, is virtually identical to the same requirement of former section 6013(e)(1)(D);[7] therefore,

_____

[7] Former sec. 6013(e)(1) provided:

SEC. 6013(e). Spouse Relieved of Liability in Certain
(continued...)

cases interpreting former section 6013(e) remain instructive to our analysis.  Butler v. Commissioner, supra at 283.

Whether it is inequitable to hold a spouse liable for a deficiency is determined "taking into account all the facts and

_____

[7](...continued)
Cases.--

> (1) In general.--Under regulations prescribed by the Secretary, if--
>
> > (A) a joint return has been made under this section for a taxable year,
> >
> > (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,
> >
> > (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement,
> >
> > (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
>
> then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

In order to make relief from joint and several liability more accessible, Congress repealed sec. 6013(e) and enacted a new provision (sec. 6015) in 1998 as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), 112 Stat. 734; H. Conf. Rept. 105-599, at 249 (1998), 1998-3 C.B. 747, 1003.

circumstances". Sec. 6015(b)(1)(D). The most often cited material factors to be considered are (1) whether there has been a significant benefit to the spouse claiming relief, and (2) whether the failure to report the correct tax liability on the joint return results from concealment, overreaching, or any other wrongdoing on the part of the other spouse. Jonson v. Commissioner, 118 T.C. 106, 119 (2002).

It is clear that the tax savings were beneficial to both petitioner and Dr. Alt. Petitioner and Dr. Alt were able to purchase various properties during the years at issue. For example, petitioner and Dr. Alt purchased homes for each of their children. Petitioner and Dr. Alt also purchased a 600-acre riverfront property upon which a Georgian mansion was being built. Further, petitioner and Dr. Alt were able to purchase a business for their son and fully pay for their children to attend undergraduate and graduate schools. Petitioner and Dr. Alt were also able to indulge petitioner's interest in antiques. These purchases obviously benefited petitioner.

It is also clear that there was no concealment on Dr. Alt's part. Petitioner made deposits for Dr. Alt and Karen. Further, petitioner was fully aware that Karen was involved in her financial affairs. Petitioner presented no evidence that Dr. Alt ever attempted to deceive her with respect to their financial affairs.

We have also considered other factors that are relevant to whether it would be inequitable to hold petitioner liable.  We find that petitioner will not experience economic hardship if relief from the liabilities is not granted given her current level of income.[8]  See <u>Von Kalinowski v. Commissioner</u>, T.C. Memo. 2001-21; <u>Walters v. Commissioner</u>, T.C. Memo. 1998-111; <u>Dillon v. Commissioner</u>, T.C. Memo. 1998-5.  Petitioner did not present evidence that demonstrated that she will be unable to pay her reasonable basic living expenses if relief is not granted.  Sec. 301.6343-1(b)(4), Proced. & Admin. Regs.

We also may consider whether the requesting spouse was deserted, divorced, or separated.  See <u>Walters v. Commissioner</u>, <u>supra</u>.  Petitioner and Dr. Alt remain married.  The two have not separated, and petitioner has not been left by her husband to deal with the tax liabilities alone.  Instead, petitioner continues to enjoy the lifestyle and financial security that are largely attributable to her husband's assets and income.  On the basis of the facts and circumstances, we hold that it would not be inequitable to hold petitioner liable for the deficiencies in tax for taxable years 1982 to 1988.  We, therefore, conclude that petitioner is not entitled to relief under section 6015(b).

---

[8]  Petitioner and Dr. Alt's combined annual income was over $150,000 in 2000, see <u>supra</u> p. 8.

B.    Relief Under Section 6015(c)

We conclude that petitioner is not entitled to relief under section 6015(c) for taxable years 1982 to 1988.  At the time petitioner filed her election for relief under section 6015, petitioner and Dr. Alt were married, had not separated from one another, and had remained members of the same household during the 12-month period preceding the filing of the election by petitioner.[9]  Sec. 6015(c)(3)(A)(i).[10]

C.    Relief Under Section 6015(f)

Respondent argues that he did not abuse his discretion in denying petitioner equitable relief under section 6015(f).[11]

---

[9]  We note that Dr. Alt was released from prison some time earlier than 1995, and petitioner filed her election for relief under sec. 6015 on Apr. 14, 2000.

[10]  Sec. 6015(c)(3)(A)(i) grants relief to individuals only if:

(I) at the time such election is filed, such individual is no longer married to, or is legally separated from, the individual with whom such individual filed the joint return to which the election relates; or

(II) such individual was not a member of the same household as the individual with whom such joint return was filed at any time during the 12-month period ending on the date such election is filed.

[11]  Sec. 6015(f) provides:

SEC. 6015(f).  Equitable Relief.--Under procedures prescribed by the Secretary, if--

(1) taking into account all the facts and
(continued...)

Respondent's denial of relief is reviewed under an abuse of discretion standard.  <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 198 (2000); <u>Butler v. Commissioner</u>, 114 T.C. at 292.

Considering the facts and circumstances of this case, we held under section 6015(b)(1)(D) that it is not inequitable to hold petitioner liable for the deficiencies.  The language of section 6015(f)(1), "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)" does not differ significantly from the language of section 6015(b)(1)(D), "taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement".[12]  <u>Butler v. Commissioner</u>,

---

[11](...continued)
        circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

            (2) relief is not available to such individual under subsection (b) or (c),

    the Secretary may relieve such individual of such liability.

[12]  Additionally, the language in both sections is similar to the language in former sec. 6013(e)(1)(D), "taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement". <u>Butler v. Commissioner</u>, 114 T.C. 276, 291 (2000); see <u>Mitchell v. Commissioner</u>, 292 F.3d 800, 806 (D.C. Cir. 2002) ("Subsection (f) has no statutory antecedent as a stand alone provision, but has
(continued...)

supra at 291. Further, the equitable factors we considered under section 6015(b)(1)(D) are the same equitable factors we consider under section 6015(f).[13] As a result, we hold that respondent did not abuse his discretion in denying petitioner relief under section 6015(f) for taxable years 1982 to 1988.

In reaching our holdings, we have considered all arguments made by the parties, and, to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[12](...continued)
roots in the equity test of former subparagraph 6013(e)(1)(D) carried forward into subparagraph 6015(b)(1)(D)."), affg. T.C. Memo. 2000-332.

[13] The Commissioner has announced a list of factors in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448, that the Commissioner will consider in deciding whether to grant equitable relief under sec. 6015(f). The revenue procedure takes into account factors such as marital status, economic hardship, and significant benefit in determining whether relief will be granted under sec. 6015(f). Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448.