T.C. Memo. 2010-61

UNITED STATES TAX COURT

WENDY W. BOZICK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24849-07.                    Filed March 30, 2010.

John Paul Decatorsmith, for petitioner.

Robert T. Little and Angela B. Friedman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  In December 2004 Wendy W. Bozick (Bozick) and her husband filed a joint income tax return for the year 2003.  Bozick later asked the Internal Revenue Service (IRS) to relieve her of joint income tax liability.  The IRS denied her request.  Bozick filed a petition with the Court challenging the

IRS' denial.[1]  The factual issues about which Bozick and the IRS disagree are:  (1) Whether Bozick had reason to know that her husband would not pay the 2003 liability at the time she signed the joint return; (2) whether Bozick will suffer economic hardship if she is not relieved of joint income tax liability; (3) whether the failure of the couple to pay their 2003 tax liability created a significant benefit to Bozick; and (4) whether Bozick made a good-faith effort to comply with the Federal income tax laws in the tax years after 2003.

                          FINDINGS OF FACT

     Bozick's husband, Gary Bozick, died on April 22, 2006.  Gary Bozick was a personal injury defense lawyer.  While her husband was alive, Bozick did not perform significant work outside the home.  She did not handle the finances.  She had no bank accounts.  She was not allowed by her husband to use a credit card.  She was not allowed to open the mail.  Her only interaction with the financial aspects of the household was to buy groceries with money her husband gave her in the form of hundred-dollar bills.  Bozick had a 2-year college degree.

     In 2001 Bozick's husband was diagnosed with leukemia. Shortly afterwards, her husband transferred ownership of their

---

[1]At the time she filed her petition, Bozick resided in Illinois.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

house from joint tenancy to sole ownership in Bozick's name. From 2001 through 2003 her husband's symptoms subsided and he relapsed at least twice. Despite the symptoms of the disease, her husband continued to work in 2003. He had a stem cell transplant in December 2003.

Bozick earned only $1,025 in wages in 2003. Her husband earned about $460,000 from his law practice that year according to the tax return the Bozicks would eventually file.

Bozick was under the impression that the 2003 income tax return was due in October 2004. As this date approached, Bozick feared that her husband might not prepare their income tax return. Therefore, she filed a separate return. When her husband found out, he became furious. He told her that filing separately rather than jointly would cost the family $17,000. Bozick's husband then had the joint return prepared. He had Bozick sign it without giving her a chance to examine it. The return, filed on December 24, 2004, showed that the couple had a tax liability of $137,453.

Neither of the Bozicks filed a return for 2004. Bozick filed a separate return for 2005. For the tax year 2006 Bozick testified that her tax return was mailed to the IRS. She introduced a copy of the 2006 return into the record as Exhibit 25-P. However, the IRS' internal records do not show a 2006 return was received. For 2007 Bozick filed a return.

Bozick's husband's law firm broke up in December 2005. Before then, Bozick's husband owned assets through his law firm's pension plan. After the law firm broke up, he transferred assets to a section 401(k) account. In July 2005 Bozick petitioned for a divorce.

In April 2006 Bozick's husband died of leukemia. Bozick received $750,000 in proceeds from her husband's life insurance policy.

In February 2007 Bozick submitted to the IRS a Form 8857, Request For Innocent Spouse Relief, and a Form 12510, Questionnaire for Requesting Spouse. In these documents Bozick requested relief from the 2003 joint income tax liability.

In July 2007 the IRS sent a letter to Bozick stating that she did not qualify for section 6015(f) relief. The letter said that Bozick had failed to show that it would be unfair for her to be held jointly liable; that Bozick did not prove that she had a reason to believe, at the time she signed the return, that the tax would be paid; and that Bozick did not prove that she would suffer economic hardship.

The section 401(k) account remained unclaimed after the death of Bozick's husband. Then, in the summer of 2008, the IRS seized the section 401(k) account to pay the 2003 joint tax liability. The amount in the section 401(k) account was $145,000. After the section 401(k) account was seized, the

amount owed in penalties and interest was $106,000.  This is the amount that Bozick will be required to pay if she is denied relief from joint liability.

Bozick has three children, two of whom live with her in the house that she owns.  Bozick is attempting to sell the house.  She reduced the offering price from $845,000 to $649,000.  If Bozick sells the house at the reduced price, she will receive $100,000 after paying off the mortgage.  Bozick is having difficulty making ends meet.  She works at Target for $8 per hour.  She cannot afford to set the thermostat of the house above 50 degrees.  Her mortgage payments are $4,600 per month.  Of the $750,000 in life insurance proceeds that Bozick received, she had only $300,000 left at the time of trial.

We conducted a trial at which Bozick testified.  The parties filed a stipulation of facts, and we incorporate that stipulation into our findings of fact.

                              OPINION

A spouse may be relieved from joint and several tax liability under section 6015(f) if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable.  The spouse requesting relief generally bears the burden of proof.  See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  It is uncontested that Bozick satisfies the threshold conditions of

Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297-298. But Bozick fails to qualify for relief under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, because, as we explain later, Bozick had reason to know the 2003 liability would not be paid. Under these circumstances, Bozick is entitled to relief only if she meets the alternative facts-and-circumstances test that is set forth in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299. See Nihiser v. Commissioner, T.C. Memo. 2008-135. Under this test, we look to a "nonexclusive list of factors" to determine whether "it is inequitable to hold the requesting spouse liable": (1) Whether the requesting spouse is separated or divorced from the nonrequesting spouse; (2) whether the requesting spouse knew or had reason to know that the other spouse would not pay the liability; (3) whether the requesting spouse would suffer economic hardship if not granted relief; (4) whether the nonrequesting spouse has a legal obligation to pay the outstanding tax liability pursuant to a divorce decree or agreement; (5) whether the requesting spouse received a significant benefit from nonpayment of the tax liability; and (6) whether the requesting spouse has made a good-faith effort to comply with the tax laws for the tax years following the year to which the request for such relief relates. We consider all relevant facts and circumstances in determining whether the taxpayer is entitled to innocent spouse relief. Porter v.

<u>Commissioner</u>, 132 T.C. \_\_, \_\_ (2009) (slip op. at 12-13).  We may consider evidence introduced at trial even if it was not included in the administrative record.  <u>Porter v. Commissioner</u>, 130 T.C. 115, 117 (2008).  In determining whether relief is justified, we give no deference to the IRS' determination that Bozick was not entitled to relief.  See <u>Porter v. Commissioner</u>, <u>supra</u> at \_\_(slip op. at 12).

1.   <u>Section 4.03 Factors</u>

     a.   <u>Marital Status</u>

Respondent concedes that because Gary Bozick was dead at the time the IRS made its innocent spouse determination, this factor weighs in favor of granting relief.

     b.   <u>Knowledge or Reason To Know</u>

Respondent argues that Bozick knew or had reason to know that her husband would not pay the 2003 income tax liability when she signed the joint return in 2004.  Respondent therefore contends that this factor weighs against relief.  Bozick testified that she did not know and did not have reason to know that her husband would not pay the income tax liability.  Giving due regard to her testimony, we are not persuaded by it.  Bozick had reasons to know that the tax liability would not be paid: (1) Her husband's failing health; (2) his credit card debt; (3) and his gambling problem.  Bozick herself recognized these reasons just 6 months after filing the joint return.  Her July

2005 petition for divorce said that her husband was incapable of paying his Federal income tax liability. She claimed:

> [Gary Bozick] has for some long time been diagnosed with terminal cancer and his life expectancy is very short; nevertheless, he has shown by his behavior his absolute disregard for the financial security of his wife or children in that * * * [Gary Bozick] regularly, perhaps daily, indulges in gambling by which he has exhausted his income, his credit, all or most of the equity in the marital home and a substantial amount of his retirement funds.

And:

> * * * [Gary Bozick] * * * is far behind in paying income taxes, rarely, if ever, pays quarterly taxes and does not have taxes withheld from his income from his law firm.

And:

> Further, if * * * [Gary Bozick] is not restrained from changing his life insurance beneficiary and from encumbering the policy and he dies while this action is pending, Petitioner will be left with income tax bills but with no resources from which to satisfy those bills * * *

This factor weighs against relief. Also, we find that it was unreasonable for Bozick to believe that her husband could pay the tax liability, a fact that precludes Bozick from satisfying the second element of the safe harbor test of Rev. Proc. 2003-61, sec. 4.02(1)(b) ("requesting spouse must establish that it was reasonable * * * to believe that the nonrequesting spouse would pay").

c. Economic Hardship

Respondent argues that Bozick would not experience economic hardship if she were denied equitable relief. Respondent

therefore contends that this factor weighs against relief. Bozick argues that she would experience economic hardship.

Bozick's monthly bills far exceed her monthly income. She earns $700 per month in wages. She also earns $800 per month in annuity payments, but these payments will stop in 2010. Her mortgage is $4,600 per month. She pays money to support her disabled mother. She pays utility bills of at least $700 per month. She pays health insurance bills of $600 per month. She pays $380 for gas and insurance for her car.

On the other hand, Bozick has fairly substantial assets. She owns money market accounts that are worth $300,000. She has a house worth perhaps $100,000 after deducting the mortgage. This $400,000 in net worth must be balanced against her low wages and few remaining years in which to earn income. Analyzing Bozick's living expenses is also complicated by the fact that Bozick's $4,600 monthly mortgage obligation is unaffordable, that she is therefore attempting to move into a more affordable house, and that after she moves her housing costs will go down. Even after a reduction in housing costs, her monthly budget will still be in a large deficit. The result will be that her net worth will gradually be depleted until she has nothing left to support herself after retirement. Accounting for all of this, we find that economic hardship is a "neutral" factor, weighing neither for or against relief. See O'Meara v. Commissioner, T.C. Memo.

2009-71 (neutral factor:  the requesting spouse had $521,600 collection potential and $284,569 in assets and was 80 years old); cf. Sunleaf v. Commissioner, T.C. Memo. 2009-52 (positive factor:  the requesting spouse, a disabled 70-year-old, had already sold her home and moved into mobile home worth 10 percent of the house).

    d.    Legal Obligation of Nonrequesting Spouse

Respondent contends that this factor is neutral because Bozick presented no evidence that her husband had a legal obligation to pay the joint tax liability pursuant to a divorce decree or agreement.  We agree.

    e.    Significant Benefit

Respondent argues that Bozick benefited significantly from the unpaid liability, and that therefore this factor weighs against relief.  Respondent argues that alternatively, even if Bozick did not significantly benefit, this factor should be categorized as "neutral" rather than "positive".  Bozick argues that she did not benefit significantly from the unpaid liability. We agree with Bozick.  By the time that the 2003 unpaid tax liability was due (at various times during 2003 and 2004), Bozick and her children were receiving only normal support from Bozick's husband.

Respondent argues that Bozick benefited from the nonpayment because she received $750,000 in life insurance proceeds after

her husband died in 2006. But Bozick received these proceeds because her husband paid for the life insurance policy throughout his lifetime, not because he refused to pay the 2003 income tax liability. This factor is positive, weighing in favor of relief.

f. Good-Faith Effort To Comply With Federal Income Tax Laws

Respondent argues that Bozick did not make a good-faith effort to comply with the Federal income tax laws for the tax years after 2003. Respondent therefore argues that this factor is negative. Bozick argues that she made such efforts.

Bozick did not file a tax return for 2004; she filed one for 2005; she did not file a return for 2006; and she filed one for 2007. Although it is not entirely clear from the record why Bozick failed to file returns for 2004 and 2006, it is likely that her failure to file a return for 2004 was due to interpersonal issues with her dying husband and that her failure to file a return for 2006 was due to a miscommunication with her accounting firm. This factor is neutral.

2. Whether Bozick Is Entitled to Relief

Of the factors listed in Rev. Proc. 2003-61 sec. 4.03, two factors support relief (marital status and lack of significant benefit), one factor weighs against relief (knowledge or reason to know) and three factors are neutral (economic hardship, noncompliance with tax laws, and nonrequesting spouse's legal obligation). In addition to these six factors, we are also

entitled to consider other factors.  It weighs in favor of relief that Bozick signed a joint tax return only after having been browbeaten into doing so by her husband and after having filed a separate return.  All facts considered, we determine that it is fair for Bozick to be relieved of joint income tax liability for 2003.

<u>Decision will be entered for petitioner</u>.