T.C. Summary Opinion 2011-25


UNITED STATES TAX COURT


DESMOND D. CONYERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9760-08S.                    Filed March 8, 2011.


Desmond D. Conyers, pro se.

<u>Daniel J. Parent</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined an $18,497 deficiency in petitioner's 2004 Federal income tax and a $3,699.40 accuracy-related penalty under section 6662(a). By agreement of the parties, the only issue we must decide is whether petitioner is entitled to relief from joint and several liability under section 6015.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in California. Petitioner and his wife, Lisa Conyers, filed a timely joint Federal income tax return for 2004. On January 22, 2008, respondent mailed to petitioner a notice of deficiency.

During 2004 petitioner was self-employed as a roofing contractor. Petitioner reported gross receipts and expenses from his business on a Schedule C, Profit or Loss From Business, which was attached to his 2004 return.

During 2004 petitioner traveled to jobsites in order to give potential customers estimates for their projects. Typically, the estimates would consist of written proposals. In addition to providing estimates, petitioner performed or supervised the construction roofing services his business provided. Petitioner was aware of all construction roofing services his business provided during 2004. Petitioner was also aware of all charges

made to customers in exchange for these services. All payments petitioner's business received for services rendered were deposited into one of three business bank accounts petitioner maintained.

The only income petitioner and Lisa Conyers reported on their 2004 return was the $268,182 of gross receipts or sales listed on the Schedule C for petitioner's construction roofing business. Respondent's revenue agent conducted a bank deposits analysis of petitioner's bank accounts for 2004. As a result, respondent concluded after taking into account transfers and nontaxable deposits that petitioner made $337,026 in total taxable deposits for 2004. Respondent has determined that petitioner underreported his Schedule C gross receipts by $68,844 for 2004. Petitioner does not dispute this determination. The unreported income giving rise to the deficiency is attributable solely to petitioner's income-producing activity.

Petitioner's wife passed away in January 2007, shortly before the beginning of the examination of the 2004 return. On June 1, 2009, petitioner filed an amendment to petition claiming "any and all defenses to which he might be entitled under IRC Section 6015" as an innocent spouse. On September 17, 2009, respondent sent petitioner a Form 8857, Request for Innocent Spouse Relief. Petitioner did not provide respondent with a completed Form 8857 until the week of trial.

## Discussion

The parties have agreed that the only issue for decision is whether petitioner is entitled to relief from the deficiency under section 6015. Section 6013(d)(3) generally provides that married couples who file a joint Federal income tax return are jointly and severally liable for any resulting income tax liability. A spouse may seek relief from joint and several liability under section 6015(b), (c), or (f) in appropriate circumstances. Olson v. Commissioner, T.C. Memo. 2009-294. Except as otherwise provided in section 6015, the taxpayer seeking relief bears the burden of proof. Rule 142(a).

## I. Section 6015(b)

Section 6015(b)(1) authorizes the Commissioner to grant relief from joint and several liability for tax if the taxpayer requesting relief satisfies each of the following five requirements: (A) A joint return has been made for a taxable year; (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return; (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement; (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency attributable to such understatement; and (E) the other

individual elects the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election.

The spouse requesting relief bears the burden of proving that he satisfies each of these five requirements.  See Rule 142(a); Haltom v. Commissioner, T.C. Memo. 2005-209.  "The requirements of section 6015(b)(1) are stated in the conjunctive. Accordingly, a failure to meet any one of them prevents a requesting spouse from qualifying for relief offered therein." Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004); Haltom v. Commissioner, supra.

A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement or if a reasonable person in similar circumstances, at the time he or she signed the return, could be expected to know that the return contained an understatement.  Sec. 1.6015-2(c), Income Tax Regs.  A requesting spouse has constructive knowledge or a reason to know of an understatement if "a reasonably prudent taxpayer under the circumstances of the [requesting] spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation was warranted."  Kistner v. Commissioner, 18 F.3d 1521, 1525 (11th Cir. 1994), revg. T.C. Memo. 1991-463; see also sec. 1.6015-2(c),

Income Tax Regs. All of the facts and circumstances are considered in determining whether a requesting spouse had reason to know of an understatement. Sec. 1.6015-2(c), Income Tax Regs.

Petitioner fails to qualify for relief under section 6015(b) because he had actual knowledge of items giving rise to the understatement in tax and the resulting deficiency. See sec. 6015(b)(1)(C). The only items of income petitioner reported in 2004 were amounts he received through the operation of his roofing business. Petitioner was responsible for the operation of the business and for collections it made upon providing services to its customers. Petitioner provided estimates to customers for proposed projects and either supervised or performed all of the construction roofing services his business provided during 2004. Petitioner was aware of all charges made to customers in exchange for his services during 2004. All payments petitioner's business collected were deposited into one of three bank accounts petitioner maintained for the business. Because petitioner was responsible for deciding how much to charge for services performed, for actually performing the work, and for collecting and depositing fees, petitioner had actual knowledge of items giving rise to the understatement. As a result, petitioner is not eligible for relief under section 6015(b).

## II. Section 6015(c)

Under section 6015(c) if the requesting spouse is no longer married to or is legally separated from the spouse with whom he filed the joint return, he may elect to limit his liability for a deficiency as provided in section 6015(d). Sec. 6015(c)(1), (3)(A)(i)(I); DeMattos v. Commissioner, T.C. Memo. 2010-110. However, the election is not available where the Secretary has demonstrated that the individual making the election had actual knowledge, at the time the individual signed the return, of any item giving rise to the deficiency. Sec. 6015(c)(3)(C). Because we have already held that petitioner had actual knowledge of the items giving rise to the deficiency, petitioner is not eligible for relief under section 6015(c).

## III. Section 6015(f)

Section 6015(f) allows for an alternative means of relief for a requesting spouse who does not otherwise qualify for relief under section 6015(b) or (c). Sec. 6015(f)(2). Section 6015(f) permits relief from joint and several liability where it would be inequitable to hold the individual liable for any unpaid tax or any deficiency. Sec. 6015(f)(1). Under section 6015(f), the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances of the requesting spouse's case. Sec. 6015(f)(1). Petitioner bears the burden of proving that he is entitled to equitable relief under section

6015(f).  See Rule 142(a); <u>Porter v. Commissioner</u>, 132 T.C. 203 (2009).

At trial petitioner testified that sometime after respondent's examination he became aware of large sums of cash withdrawn from two of his bank accounts and that he now believes that his wife had been taking money and fixing the books to support a drug and alcohol addiction.  He also testified that payment of the tax in issue would cause him such hardship that his only option would be to file for bankruptcy.  Other than this brief and conclusory testimony, petitioner produced no evidence to support these allegations.  In the light of the facts indicating that petitioner knew about the operations of his business and its substantial income, we cannot find that petitioner has proven that he is eligible for relief under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.