T.C. Summary Opinion 2012-69

UNITED STATES TAX COURT

CORY T. CHAPUT, Petitioner, AND
RACHEL J. HOLBERT, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25466-10S.                     Filed July 17, 2012.

Cory T. Chaput, pro se.

Rachel J. Holbert, pro se.

<u>Evan H. Kaploe</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's joint 2008 Federal income tax of $1,440 attributable to various items of unreported income.  Petitioner does not contest the amount of the deficiency but requests relief from joint and several liability under section 6015(c) with respect to the items of income attributable to his former spouse.  Thus, the sole issue for decision is whether petitioner qualifies for such relief.

Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Michigan when the petition was filed.  Intervenor also resided in the State of Michigan when the notice of intervention was filed.

Petitioner and intervenor married in 2003, separated in December 2008, and divorced in April 2009.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Since 2005 and at all times relevant thereafter, intervenor was employed by a car wash company called U-Wash, Inc. (U-Wash). Intervenor's paychecks were typically hand delivered to her at her place of employment. Intervenor also typically cashed her paychecks at her place of employment rather than depositing them in the couple's joint bank account.

Like her paychecks, intervenor's Forms W-2, Wage and Tax Statement, were typically hand delivered to her at her place of employment. U-Wash frequently changed payroll companies and generally issued intervenor more than one Form W-2 for a year.

Throughout their marriage petitioner generally handled the couple's household finances, and he prepared the couple's joint Federal income tax returns.

Petitioner and intervenor filed a joint Federal income tax return for 2008 (joint return). Petitioner prepared the joint return. Intervenor gave petitioner a single Form W-2 showing wages she received from U-Wash in 2008, and petitioner reported those wages on the joint return. Intervenor, however, received additional wages from U-Wash in 2008 that were not shown on the aforementioned Form W-2 received by petitioner and were not reported on the joint return. Instead, U-Wash issued two additional Forms W-2 for 2008 to intervenor reporting the additional wages she received (additional Forms W-2).

In a notice of deficiency respondent determined that the following items of income were omitted from the joint return:

| Item | Amount |
|------|--------|
| Interest income | $50 |
| Cancellation of indebtedness income | 928 |
| Wage income from U-Wash | 500 |
| Wage income from U-Wash | 8,650 |

The parties stipulated that the interest income is attributable to petitioner. Although neither petitioner nor intervenor recalls receiving a Form 1099-C, Cancellation of Debt, reporting the cancellation of indebtedness (COI) income, intervenor admits that the COI income is attributable to her and represents forgiveness of credit card debt in 2008. Intervenor also admits that the unreported wage income is attributable to her and represents additional wages she received from U-Wash in 2008.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After electing to do so, each spouse will be held jointly and severally liable for the entire income tax due with respect to the year for which the joint return is filed. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). On the other hand, section 6015 provides various means by which relief

from joint and several liability is available to a spouse if he or she meets certain statutory requirements. Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

Under section 6015(c), a spouse may elect to limit his or her liability for a deficiency to that portion of the liability which is properly allocable to such spouse under section 6015(d). In general, section 6015(d) provides that items giving rise to a deficiency on the joint return are allocated between spouses as if separate returns had been filed. Sec. 6015(d)(3)(A); see also sec. 1.6015-3(d)(2), Income Tax Regs. Erroneous items of income are allocated to the spouse who was the source of the income. Sec. 1.6015-3(d)(2)(iii), Income Tax Regs.

As a preliminary matter, petitioner is not entitled to relief under section 6015(c) for the portion of the deficiency attributable to the unreported interest because he admits that the interest income is allocable to him. See id. The parties stipulate that the remaining unreported income of $10,078 ($928 of COI income and $9,150 of additional wages) is attributable to intervenor. See id. Accordingly, the tax deficiency resulting from the remaining unreported income may be apportioned to intervenor pursuant to section 6015(c).

Petitioner has demonstrated that he is eligible to elect relief under section 6015(c), and respondent does not contend otherwise. See sec. 6015(c)(3)(A) and

(B). Respondent asserts, however, that petitioner's request for relief under section 6015(c) is invalid because, at the time petitioner signed the joint return, he allegedly had actual knowledge of intervenor's COI income and additional wages. Sec. 6015(c)(3)(C). Respondent bears the burden of proving that petitioner had actual knowledge of the omitted income. See sec. 6015(c)(2), (3)(C).

This Court has defined "actual knowledge" as "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof). In the case of omitted income (such as the situation involved herein), the electing spouse must have an actual and clear awareness of the omitted income." Cheshire v. Commissioner, 115 T.C. 183,195 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002). The actual knowledge standard under section 6015(c) is narrower than the reason to know standard found, for example, in section 6015(b). McDaniel v. Commissioner, T.C. Memo. 2009-137; see also S. Rept. No. 105-174, at 59 (1998), 1998-3 C.B. 537, 595 ("[A]ctual knowledge must be established by the evidence and shall not be inferred based on indications that the electing spouse had a reason to know.").

For the reasons that follow, respondent has failed to meet his burden of proving that petitioner had actual knowledge of the unreported COI income and additional wages received by intervenor in 2008.

Petitioner testified that, at the time he signed the joint return, he did not know intervenor received COI income or that any debt was canceled in 2008. In addition, neither petitioner nor intervenor could remember receiving a Form 1099-C for 2008. Furthermore, petitioner testified that he received only one Form W-2 for 2008 from intervenor and that he was unaware of intervenor's additional wages at the time he signed the joint return.

Respondent has given us no persuasive reason not to accept petitioner's testimony. Respondent argues that petitioner had actual knowledge of the omitted income because he generally handled the household finances, prepared the former couple's joint returns during their marriage, and allegedly knew that intervenor had received multiple Forms W-2 from U-Wash in the past. Respondent also argues that intervenor's testimony at trial regarding the additional Forms W-2 supports a conclusion that petitioner had actual knowledge of intervenor's additional wages at the time that he signed the joint return.[2]

---

[2] Respondent also alleges that petitioner was aware of the additional wages notwithstanding the additional Forms W-2. The record, however, does not support respondent's contention as, for example, intervenor typically cashed her paychecks at her place of employment rather than depositing them in the former couple's joint bank account. Furthermore, the record does not demonstrate that intervenor ever discussed her additional wages with petitioner.

Actual knowledge, however, may not be inferred from evidence indicative of a reason to know. See McDaniel v. Commissioner, T.C. Memo. 2009-137; see also S. Rept. No. 105-174, supra at 59, 1998-3 C.B. at 595. Although petitioner may have had reason to know of the canceled debt or that intervenor might receive additional Forms W-2 for 2008, the record does not demonstrate that petitioner had actual and clear awareness of intervenor's COI income or additional wages at the time he signed the joint return. See Cheshire v. Commissioner, 115 T.C. at 195. Furthermore, intervenor's testimony at trial demonstrated her uncertainty surrounding petitioner's alleged receipt of the additional Forms W-2 and his alleged knowledge of the omitted income.[3] Therefore, we are unable to conclude that petitioner had actual knowledge of intervenor's omitted income at the time that he signed the joint return.

In sum, we hold that petitioner is entitled to section 6015(c) relief with respect to the $10,078 of unreported income attributable to intervenor. Given our holding, we need not address petitioner's request for relief under other provisions of

---

[3] For example, intervenor's Forms W-2 were typically hand delivered to her at her place of employment but she could not recall giving the additional Forms W-2 to petitioner.

section 6015 with respect to the income items attributable to intervenor.[4]  We leave it to the parties, as part of their Rule 155 computations, to reflect the application of section 6015(d).  See sec. 6015(c)(1).

## Conclusion

We have considered all of the arguments advanced by respondent and intervenor, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4]  We note that the parties treated the petition as a request for relief pursuant to sec. 6015(b), (c), and (f).