T.C. Summary Opinion 2015-16

UNITED STATES TAX COURT

SANDRA L. PANETTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14533-13S.                    Filed March 2, 2015.

<u>Francis X. Mellon</u>, for petitioner.

<u>Shari A. Salu</u>, for respondent.

SUMMARY OPINION

BUCH, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal

Revenue Code in effect when the petition was filed.[1]  Under section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax

(continued...)

decision to be entered in this case is not reviewable by any other court, and this opinion may not be treated as precedent for any other case.

The sole issue before the Court is whether Ms. Panetta is entitled to innocent spouse relief under section 6015. Respondent denied Ms. Panetta's request for relief relating to deficiencies from her 2009 and 2010 taxable years. We find that Ms. Panetta is not entitled to relief under section 6015(c) or (f) for either year.

## Background

Ms. Panetta was married to David Frazier during 2009 and 2010, the years in issue. In 2009 Ms. Panetta began the process of preparing to open Sweetbites, a food truck business specializing in desserts. Although Ms. Panetta was able to generate some income in 2009, the food truck became operational in 2010.

During the years in issue Ms. Panetta and Mr. Frazier filed jointly. On the Schedules C, Profit or Loss From Business, attached to their Forms 1040, U.S. Individual Income Tax Return, for 2009 and 2010, Ms. Panetta and Mr. Frazier reported gross receipts and deducted expenses relating to Sweetbites. Each year the return reflected a net loss from Sweetbites and Ms. Panetta and Mr. Frazier

---

[1](...continued)
Court Rules of Practice and Procedure.

received a refund from the Internal Revenue Service (IRS) that was deposited in their joint account. This was the only business reported on Schedules C by Ms. Panetta and Mr. Frazier.

After examining the returns, the IRS issued Ms. Panetta and Mr. Frazier a notice of deficiency on April 8, 2013, allowing additional itemized deductions and disallowing various Schedule C deductions, resulting in deficiencies. The IRS also determined accuracy-related penalties under section 6662(a). Before the IRS issued the notice of deficiency, it received a Form 8857, Request for Innocent Spouse Relief, from Ms. Panetta. At the time the IRS received the Form 8857, Ms. Panetta and Mr. Frazier were no longer married. When the IRS mailed the notice of deficiency, it also mailed Ms. Panetta a final notice denying her request for innocent spouse relief. Ms. Panetta, while residing in Virginia, timely petitioned the Court for review of the IRS' denial of her request for innocent spouse relief. Although Ms. Panetta asserted in her petition that she was entitled to relief under section 6015(b), (c), and (f), she later conceded that she is not entitled to relief under subsection (b).

During Ms. Panetta's marriage Mr. Frazier was responsible for filing the tax returns. She would give him information, and he would prepare each return and file it electronically. He would then save the return on their computer. Their

practice did not change in 2009; and although she had access to the return, she did not review it. In 2010 Mr. Frazier moved out of the marital home; they nonetheless filed their 2010 return jointly. Mr. Frazier prepared the 2010 return, and Ms. Panetta provided him with information relating to Sweetbites. Ms. Panetta stated that she requested to see a copy of the return. At some point she received a draft copy of the return, but the copy she received was different from the copy Mr. Frazier submitted to the IRS, which she did not know until the audit.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return.[2] Upon electing to file jointly, each spouse is jointly and severally liable for the entire tax due for that year.[3] In certain circumstances, however, a spouse who filed a joint return may seek relief from joint and several liability under the procedures in section 6015.[4]

Section 6015(a) allows a spouse to seek relief from joint and several liability under subsection (b) or, if eligible, to allocate the liability according to provisions set forth in subsection (c). If a taxpayer does not qualify for relief

---

[2]Sec. 6013(a).

[3]Sec. 6013(d)(3).

[4]Sec. 6015(a).

under either subsection (b) or (c), the taxpayer may be eligible for equitable relief under subsection (f). Except as otherwise provided in section 6015, the taxpayer bears the burden of proving that he or she is entitled to section 6015 relief.[5] Accordingly, the burden is on Ms. Panetta.

Both the scope and standard of our review in cases requesting relief from joint and several income tax liability are de novo.[6]

We hold that Ms. Panetta is not entitled to relief under section 6015(c) or (f).

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion of the deficiency that is allocable to her under subsection (d). The election may be filed at any time after the deficiency is asserted but not later than two years after the Secretary has begun collection activities.[7] Additionally, the electing individual: (1) must no longer be married to or must be legally separated from the individual with whom the joint return was filed or (2) must not have been a member of the same household with

---

[5]Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

[6]Porter v. Commissioner, 132 T.C. 203, 210 (2009).

[7]Sec. 6015(c)(3)(B).

the individual with whom the joint return was filed during the 12-month period before the election was filed.[8] The parties agree that Ms. Panetta has satisfied these elements. However, they disagree on the portions of the liabilities allocable to her and whether Ms. Panetta had actual knowledge of the erroneous items on the returns.

Subject to certain limitations, any item giving rise to a deficiency on a joint return is generally allocated to the individuals filing the return in the same manner as it would have been if the individuals had filed separate returns.[9] However, section 6015(d) provides an exception that allows an item that would ordinarily be allocable to one individual under the general rule to be allocable to the other individual filing the joint return to the extent that the other individual received a tax benefit from the item.[10]

Even if we were to allocate portions of the deficiencies to Mr. Frazier, we must determine whether Ms. Panetta had actual knowledge of the erroneous items. An election under section 6015(c) is invalid with respect to all or part of a deficiency if the Secretary demonstrates that the individual making the election

_____

[8]Sec. 6015(c)(3)(A).

[9]Sec. 6015(d)(3)(A).

[10]Sec. 6015(d)(3)(B); Hopkins v. Commissioner, 121 T.C. 73, 83 (2003).

had actual knowledge, at the time she signed the joint return, of any item giving rise to the deficiency (or portion thereof) that is not allocable to that individual under section 6015(d).[11] The Commissioner must demonstrate actual knowledge by a preponderance of the evidence.[12] The actual knowledge standard is narrower than the "reason to know" standard applied under section 6015(b) and (f).[13] Proving actual knowledge requires the Commissioner to show that the individual making the election had "actual knowledge of the factual circumstances which made the item unallowable as a deduction."[14] Proving actual knowledge of the tax laws or the legal consequences is not required.[15]

Although respondent largely focused on the incorrect standard under section 6015(c), the record shows that Ms. Panetta had actual knowledge. Ms. Panetta is the owner of Sweetbites, and she knew she was incurring expenses related to her business during the years in issue. More importantly, she knew that she had not incurred certain expenses that her husband reported on the returns. As she

---

[11]Sec. 6015(c)(3)(C).

[12]Culver v. Commissioner, 116 T.C. 189, 196 (2001).

[13]McDaniel v. Commissioner, T.C. Memo. 2009-137.

[14]King v. Commissioner, 116 T.C. 198, 204 (2001).

[15]Hopkins v. Commissioner, 121 T.C. at 86.

testified at trial, once she reviewed her returns, she immediately recognized that some of the deductions were incorrectly reported. Her 2009 return was easily accessible to her, and she had access to a draft of the 2010 return. If she had reviewed the returns earlier, we have no doubt that she would have spotted the errors. Accordingly, because Ms. Panetta had actual knowledge of the facts underlying the disallowed deductions, we find that she had actual knowledge of the items giving rise to the deficiencies and she is not entitled to relief under section 6015(c).

A spouse may be entitled to equitable relief under section 6015(f) if she is not eligible for relief under subsection (b) or (c). Under section 6015(f), the Secretary is directed to prescribe procedures to aid in administering the statute. These procedures, found in Rev. Proc. 2013-34, 2013-43 I.R.B. 397, <u>modifying and superseding</u> Rev. Proc. 2003-61, 2003-2 C.B. 296, outline seven threshold conditions that must be satisfied in order for a spouse to be eligible for relief under section 6015(f).[16] Because of the clarity of the record, we focus only on the seventh requirement, which states that "[t]he income tax liability from which the requesting spouse seeks relief is attributable (either in full or in part) to an item of

---

[16]Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403, <u>modifying and superseding</u> Rev. Proc. 2003-61, 2003-2 C.B. 296.

the nonrequesting spouse or an underpayment resulting from the nonrequesting spouse's income" unless a specific exception applies.[17] Ms. Panetta does not fulfill this requirement because all of the disallowed deductions relate to Sweetbites, the business she owns and operates.

On the basis of our examination of the record before us and the parties' arguments at trial, we find that Ms. Panetta is not entitled to relief under section 6015(c) or (f) for 2009 or 2010.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[17]Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400.