**Ann E. BARTAK, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 04–73235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Dec. 12, 2005.

Before: CUDAHY,* T.G. NELSON, and MCKEOWN Circuit Judges.

### MEMORANDUM **

Ann E. Bartak appeals the Tax Court's judgment affirming the Commissioner of Internal Revenue's denial of Mrs. Bartak's claim for relief from tax liability for tax years 1980 through 1986 under the innocent spouse provisions of 26 U.S.C. §§ 6015(b) or (f).

Ann Bartak and her husband Ernest F. "Joe" Bartak jointly invested in cattle breeding tax shelter partnerships promoted by Walter J. Hoyt, III. Between the years 1980 and 1986 the Bartaks filed joint federal income tax returns. They submitted tax claims related to their joint Hoyt partnerships that resulted in tax credits and deductions that significantly reduced their tax liability during these years. The IRS ultimately found that the Hoyt partnership claims made by the Bartaks were not allowable and the Bartaks were as-

sessed for tax understatements for tax years 1980 through 1986.

■ The Tax Court did not commit clear error in upholding the Commissioner's determination that Mrs. Bartak is ineligible for innocent spouse tax relief. First, Mrs. Bartak was not able to prove, under § 6015(b)(1)(B), that the understatements were attributable solely to Mr. Bartak. Mrs. Bartak had lengthy discussions with Mr. Bartak about the investments, was listed as a full partner in the investments and knew she was listed as such, signed investment documents, reviewed promotional material about the Hoyt investments, and visited the Hoyt ranches.

■ Mrs. Bartak also failed to prove, under § 6015(b)(1)(C), that she did not have reason to know of the understatements. Mrs. Bartak argues that she did not have reason to know of the understatements because she, like many other people (including her husband), was scammed by Hoyt. She argues that the partnerships and corresponding understatements appeared to be legitimate. However, her argument misses the point of innocent spouse relief. It is to protect one spouse against the misdeeds of another, not to protect individuals against complex tax fraud schemes run by people like Hoyt.

As we said in *Price v. Commissioner,* 887 F.2d 959, 964 (9th Cir.1989), "[o]f itself, ignorance of the attendant legal or tax consequences of an item which gives rise to a deficiency is no defense for one seeking to obtain innocent spouse relief." Further, in cases where a "spouse knows virtually all of the facts pertaining to the transaction which underlies the substantial understatement," the spouse is "consid-

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ered as a matter of law to have reason to know of the substantial understatement and thereby is effectively precluded from establishing to the contrary." *Id.* This is true even if the spouse did not know of the tax consequences of the item at issue. *Id.* Here, Mrs. Bartak knew about the details of the Hoyt investments. Mr. Bartak did not deceive her about the investments, did not abuse her, and he was not evasive about the investments. To the contrary, as established above, Mrs. Bartak was quite involved in the investment process. Thus, as a matter of law, she is considered to have had reason to know of the understatements.

Mrs. Bartak's argument also fails because she reviewed extensive materials from Hoyt that warned in clear language that a disallowance by the IRS was possible, and that if this happened, the IRS could take away the tax benefits in addition to requiring the investor to pay penalties and interest. A reasonable person with a high school education like Mrs. Bartak would have reason to question whether the investments were legitimate based on these materials.

Finally, the Tax Court applied the threshold balancing factors used to assess equity under § 6015(b)(1)(D) and § 6015(f) and correctly found that the factors do not balance in Mrs. Bartak's favor. Thus, it would not be inequitable to hold Mrs. Bartak liable for the tax understatements.

For the foregoing reasons, we AFFIRM the Tax Court's decision.

