T.C. Summary Opinion 2012-15

UNITED STATES TAX COURT

DAVID CHARLES LADEHOFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16814-10S.                    Filed February 27, 2012.

David Charles Ladehoff, pro se.

<u>Robert M. Romashko</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case arises from petitioner's request for relief from joint and several liability under section 6015 with respect to an understatement of Federal income tax for 2008. Respondent denied petitioner relief from joint and several liability under section 6015(b), (c), and (f). The issue for decision is whether petitioner is entitled to relief under section 6015(b), (c), or (f) for 2008.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Illinois when he filed his petition.

Petitioner and his ex-wife were married in December 1997. The couple filed a joint Federal income tax return for 2008 on April 8, 2009. Petitioner prepared the return using the documents his ex-wife gave him. On Schedule H, Household Employment Taxes, petitioner multiplied the total wages paid by half of the percentages required to determine the Social Security and Medicare taxes

owed on the wages paid.  The return reported a balance due of $1,323[1] that was remitted with the return.  Petitioner and his ex-wife divorced in January 2009.

Respondent reviewed petitioner's return and discovered that there were mathematical errors on Schedule H and that the adjusted gross income phaseout had not been applied to the child tax credit (CTC).  Respondent assessed a deficiency of $1,097.

Petitioner timely filed Form 8857, Request for Innocent Spouse Relief. Respondent proposed to deny petitioner relief under section 6015(b), (c), and (f) "because relief is not allowed on tax you owe on your own income or deductions." Petitioner filed Form 12509, Statement of Disagreement, in reply to respondent's preliminary denial of relief.  Respondent then sent petitioner a final Appeals determination denying him relief under section 6015(b), (c), and (f).  No reason is stated in the final determination for the denial of relief.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election, each spouse is jointly and severally liable for the entire tax due for that year.  Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  In certain circumstances, however, a spouse who has

---

[1]All amounts are rounded to the nearest dollar.

filed a joint return may seek relief from joint and several liability under procedures set forth in section 6015. Sec. 6015(a).

Under section 6015(a) a spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability according to provisions set forth in section 6015(c). If a taxpayer does not qualify for relief under either section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f).

Where an individual elects to have section 6015(b) or (c) apply, or in the case of an individual who requests equitable relief under section 6015(f), section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section".

I.      Burden of Proof

Except as otherwise provided in section 6015, the taxpayer bears the burden of proving that he or she is entitled to section 6015 relief. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004). Under subsections (b) and (c) a taxpayer need only persuade the Court by a preponderance of the evidence. Stergios v. Commissioner, T.C. Memo. 2009-15; see also McClelland v. Commissioner, T.C. Memo. 2005-121.

II.     Relief Under Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse must satisfy all five elements of section 6015(b)(1).  See also Alt v. Commissioner, 119 T.C. at 313 (requirements for section 6015(b) relief are conjunctive).

One of the five elements is that the understatement of tax on the return is attributable to erroneous items of the nonrequesting spouse.  Sec. 6015(b)(1)(B).  If the understatement is attributable to an erroneous item of the requesting spouse or to both the requesting and the nonrequesting spouse, the requesting spouse is not entitled to relief under section 6015(b).  See, e.g., Bartak v. Commissioner, T.C. Memo. 2004-83, aff'd, 158 Fed. Appx. 43 (9th Cir. 2005); Ellison v. Commissioner, T.C. Memo. 2004-57; Doyel v. Commissioner, T.C. Memo. 2004-35.

Petitioner prepared the couple's 2008 return.  He argues that the return is fraudulent and that the erroneous items are attributable to his ex-wife.  Petitioner testified that his ex-wife falsified employment records of family members who provided child care services for the couple's children.  He provided no evidence to

corroborate his testimony. Even if the Court accepts petitioner's testimony that his ex-wife falsified records, her actions would not explain why he used only half of the applicable percentages to calculate the Schedule H taxes. The erroneous items are attributable to either petitioner or both petitioner and his ex-wife.

Another element under section 6015(b) is knowledge or reason to know of the understatement. Sec. 6015(b)(1)(C). Petitioner prepared the couple's return using documents he says are fraudulent and did not use the correct percentages to calculate the tax owed on Schedule H. Petitioner cannot claim that he did not have knowledge or reason to know that there was an understatement on the return.

The understatement of tax on petitioner's return is attributable to mathematical errors on Schedule H and an incorrectly calculated CTC. These erroneous items are attributable to either petitioner or petitioner and his ex-wife. Additionally, they are errors petitioner made when he prepared the return. Petitioner does not satisfy all five elements under section 6015(b)(1). Therefore, petitioner is not entitled to relief under section 6015(b).

III.    Relief Under Section 6015(c)

Section 6015(c) allows proportionate tax relief through allocation of the deficiency between individuals who filed a joint return and are no longer married,

are legally separated, or have been living apart for a 12-month period. Petitioner and his ex-wife were divorced in January 2009.

Relief, however, will not be available to a requesting spouse who had actual knowledge, at the time of signing the return, of any item giving rise to a deficiency. See sec. 6015(c)(3)(C).

Petitioner prepared the couple's return and made mathematical errors on Schedule H and in computing the couple's CTC. As discussed above, petitioner had actual knowledge of both items that gave rise to the deficiency. Therefore, petitioner is not entitled to relief under section 6015(c).

IV.    Equitable Relief Under Section 6015(f)

A taxpayer is entitled to relief under section 6015(f) if, taking into account all of the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1). Both the scope and standard of our review in cases requesting equitable relief from joint and several income tax liability are de novo. Porter v. Commissioner, 132 T.C. 203 (2009).

Rev. Proc. 2003-61, sec. 4.01(1)-(7), 2003-2 C.B. 296, 297, sets out seven threshold conditions that a requesting spouse must meet before the Commissioner will consider a request for relief under subsection (f). We employ these conditions when reviewing the Commissioner's denial of relief. See Washington v.

Commissioner, 120 T.C. 137, 147-152 (2003); see also Schultz v. Commissioner, T.C. Memo. 2010-233.

One condition is that the income tax liability from which the requesting spouse seeks relief be attributable to an item of the nonrequesting spouse. Rev. Proc. 2003-61, sec. 4.01(7). One exception to this condition is that the requesting spouse was subject to abuse not amounting to duress and did not challenge the treatment of the items on the return for fear of retaliation from the nonrequesting spouse. Id., 2003-2 C.B. at 298.

Petitioner testified that he was physically and emotionally abused by his ex-wife throughout the marriage. Evidence of two police reports documenting allegations of domestic battery were entered into the record. The first incident occurred on July 4, 2008, and the second on May 14, 2009. The first report states that petitioner refused to file a domestic battery complaint. The second incident occurred after the return for the year in issue was filed. Petitioner was listed as the victim in both reports. Petitioner's ex-wife was listed as the "other person involved" in both reports--in the first report under the code for spouse and in the second report under the code for second victim. No allegations of abuse were made during the couple's divorce proceedings. Petitioner's evidence of abuse does not rise to the level of abuse that would keep him from challenging the treatment of the

items on the return for fear of his ex-wife's retaliation.  Cf. Thomassen v.

Commissioner, T.C. Memo. 2011-88.

The income tax deficiency from which petitioner seeks relief is attributable to

mathematical errors he made when he prepared the couple's joint return.  None of

the exceptions to condition (7) apply to petitioner.  See Rev. Proc. 2003-61, sec.

4.01(7)(a), (b), (c), and (d).  Petitioner does not meet all of the threshold conditions

for relief under Rev. Proc. 2003-61, sec. 4.01.  Therefore, petitioner is not entitled

to relief under section 6015(f).

V.    Conclusion

After review of all of the evidence, the Court concludes that petitioner is not

entitled to relief under section 6015(b), (c), or (f) for 2008.

We have considered all of petitioner's arguments, and, to the extent not

addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.