T.C. Memo. 2013-24

UNITED STATES TAX COURT

MAURICE TOMPKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24498-10.                    Filed January 22, 2013.

Maurice Tompkins, pro se.

<u>Blaine Charles Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  This proceeding was commenced under section

6015(e) for review of respondent's determination that petitioner is not entitled to

relief from joint and several liability for 2008 with respect to a Federal income tax

return he filed with his former spouse.  The issues presented for consideration are

[*2] whether petitioner is entitled to relief under section 6015(b), (c), or (f). All section references are to the Internal Revenue Code in effect at all relevant times.

FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated in our findings by this reference. Petitioner resided in Minnesota when the petition was filed.

Petitioner and Francy Tompkins were married on November 14, 2006, and were divorced on June 2, 2010.

For tax year 2007 petitioner filed a Form 1040A, U.S. Individual Income Tax Return, prepared by H&R Block, reflecting a filing status as head of household and claiming his daughter as a dependent. Petitioner filed as head of household at the advice of H&R Block.

During 2008 petitioner, Ms. Tompkins, and their minor daughter lived together. Petitioner worked for ATR Needlecraft, Inc., and earned wages totaling $19,276. During 2008 Ms. Tompkins earned wages totaling $4,562, including $1,002 from Resource, Inc., and $3,560 from Becklund Personal Care. Ms. Tompkins also earned $50 of interest income from TCF National Bank.

During this period petitioner and Ms. Tompkins' marriage was strained and they rarely communicated with each other. Petitioner handled financial matters and used H&R Block to prepare his tax return, as he had done in the past. Ms.

**[*3]** Tompkins accompanied petitioner to a meeting at H&R Block to discuss their 2008 tax return preparation.  Their very young daughter attended the meeting at H&R Block.

Petitioner and Ms. Tompkins timely filed an income tax return for 2008 and claimed a filing status of married filing jointly.  Petitioner and Ms. Tompkins reported an adjusted gross income of $19,276 and claimed exemptions for themselves and their daughter.

For 2009 petitioner filed a Form 1040A prepared by H&R Block.  His filing status was married filing separately, and he claimed his minor daughter as a dependent.

Respondent examined petitioner's 2008 tax return and determined an income tax deficiency of $984.  The underlying deficiency is not at issue.  The determined deficiency arose from the following:  failure to include Ms. Tompkins' income from Becklund Personal Care, failure to include Ms. Tompkins' income from Resource, Inc., and failure to include Ms. Tompkins' interest income from TCF National Bank.

On January 19, 2010, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the Internal Revenue Service (IRS).  Petitioner indicated on the form that he had filed a joint return and that he did not know his

[*4] spouse had income. The IRS sent petitioner a final determination letter dated September 2, 2010, denying him innocent spouse relief under section 6015(b), (c), and (f). According to the letter, the basis for denial was that petitioner "knew, or had reason to know, of the income or deductions that caused the additional tax."

## OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making this election, each spouse is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3). A requesting spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). Sec. 6015(a). If a requesting spouse is not eligible for relief under section 6015(b) or (c), a requesting spouse may be eligible for equitable relief under section 6015(f). Olson v. Commissioner, T.C. Memo. 2009-294, slip op. at 10-11.

Section 6015(b)(1) authorizes the Secretary to grant relief if the taxpayer satisfies the requirements of subparagraphs (A) through (E).

SEC. 6015(b). Procedures For Relief From Liability Applicable to All Joint Filers.

(1) In general.--Under procedures prescribed by the Secretary, if--

(A) a joint return has been made for a taxable year;

**[*5]**    (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

The requirements of section 6015(b)(1) are stated in the conjunctive, so a spouse must satisfy all five requirements to be relieved of joint and several liability.  Haltom v. Commissioner, T.C. Memo. 2005-209, slip op. at 9. Accordingly, a failure to meet any one of them prevents a requesting spouse from qualifying for the relief offered therein.  Alt v. Commissioner, 119 T.C. 306, 313 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004); Haltom v. Commissioner, slip op. at 9.

**[*6]** Respondent does not dispute that petitioner and Ms. Tompkins filed a joint Federal income tax return. However respondent argues that petitioner has not met all the requirements of section 6015(b)(1). Respondent acknowledges that petitioner made the request for relief from joint and several liability timely pursuant to section 6015(b)(1)(E). Respondent contends that petitioner has not demonstrated that "in signing the return he * * * did not know, and had no reason to know, that there was such understatement." Sec. 6015(b)(1)(C).

A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonable person in similar circumstances, at the time he or she signed the return, could be expected to know that the return contained an understatement. Sec. 1.6015-2(c), Income Tax Regs. A requesting spouse has knowledge or reason to know of an understatement if "a reasonably prudent taxpayer under the circumstances of the [requesting] spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation was warranted." Kistner v. Commissioner, 18 F.3d 1521, 1525 (11th Cir. 1994), rev'g T.C. Memo. 1991-463.

**[\*7]** The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs. Sec. 1.6015-2(c), Income Tax Regs. In the case of omitted income, knowledge of the item includes knowledge of receipt of the income. Sec. 1.6015-3(c)(2)(A), Income Tax Regs.

Petitioner testified that Ms. Tompkins accompanied him to H&R Block. Ms. Tompkins testified that she told H&R Block that she worked for approximately six weeks each for Resource, Inc., and Becklund Personal Care. Ms. Tompkins testified that the tax preparers at H&R Block informed her that her income did not need to be reported. Petitioner's daughter accompanied them, and petitioner was caring for her while Ms. Tompkins spoke with the tax preparers at H&R Block. We find that petitioner had no knowledge of the amount or source of income Ms. Tompkins received and no knowledge of when she actually received this income. Therefore, petitioner did not have actual knowledge of Ms. Tompkins' earned income or investment income.

In determining whether a requesting spouse has reason to know if the understatement in the return is attributable to an omission of income, we consider the circumstances facing the requesting spouse at the time that spouse signed the return and whether a reasonable person would have known of the omission. See Alt v. Commissioner, 101 Fed. Appx. at 41; see also Crouse v. Commissioner,

**[\*8]** T.C. Memo. 2011-97, slip op. at 41. All of the facts and circumstances are considered in determining whether a requesting spouse had reason to know of an understatement. Sec. 1.6015-2(c), Income Tax Regs.

The facts and circumstances to be considered include, but are not limited to: the nature of the erroneous item and the amount of the erroneous item relative to other items; the couple's financial situation; the requesting spouse's educational background and business experience; the extent of the requesting spouse's participation in the activity that resulted in the erroneous item; whether the requesting spouse failed to inquire, at or before the time the return was signed, about items on the return or omitted from the return that a reasonable person would question; and whether the erroneous item represented a departure from a recurring pattern reflected in prior years' returns. Id.

The erroneous item involved in this case is unreported income of petitioner's former spouse. It consists of investment income of $50 and wages for a short period. Petitioner did not participate in and was not involved in the activity that resulted in the erroneous income. The erroneous items are not a deduction or an effort to shelter income. The items involved are small compared to the total income petitioner and Ms. Tompkins reported on their joint tax return for 2008. The amount of the deficiency is approximately 5% of petitioner's gross

[*9] income for 2008. Petitioner does not have significant business experience or an educational background in business or finance.

Petitioner argued that he believed Ms. Tompkins was not working and that he had included all reportable income as part of the tax return. It is not clear from the record whether Ms. Tompkins had been employed in the past. Petitioner and Ms. Tompkins testified that they had lived apart during 2007. The erroneous item is not part of a pattern.

One of the factors to be considered is whether the spouse failed to inquire at the time of signing the return about items on the return that a reasonable person would question. Ms. Tompkins testified that she worked only four to six hours a day and that she "didn't let him [petitioner] know anything about me making any kind of money." Petitioner testified that he placed his daughter in daycare because he thought it would be best for his daughter's well-being and not because Ms. Tompkins was not at home. Ms. Tompkins testified that "I was doing something behind his back, which I think is my responsibility, not Mr. Tompkins'." From the testimony, it is reasonable to conclude that petitioner would not have questioned Ms. Tompkins. Even if he had inquired, petitioner would have likely received a dishonest answer.

**[\*10]**  Taking into consideration all of the facts and circumstances and the testimony of petitioner and Ms. Tompkins, we find that petitioner did not have reason to know of the understatement.

In making a determination under section 6015(b)(1)(C), we need to determine whether, at the time petitioner signed the joint return, he had a duty to inquire or investigate further.  See Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), aff'g T.C. Memo. 1988-63; Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), aff'g in part, rev'g in part T.C. Memo. 1984-310; Butler v. Commissioner, 114 T.C. 276, 284 (2000).[1]  A requesting spouse has a duty to inquire when he knows enough facts to put him on notice that such an understatement exists.  Thomassen v. Commissioner, T.C. Memo. 2011-88, slip op. at 8.  However, petitioner had no reason to know about Ms. Tompkins' omitted income, and there were no factual inconsistencies to investigate; Ms. Tompkins was home most of the time when petitioner arrived home from work, and she had been a stay-at-home mother in the past.  Petitioner was not put on notice of Ms. Tompkins' employment, so a duty to inquire was not triggered.  See Haltom v.

---

[1]The requirement of sec. 6015(b)(1)(C) is substantially identical to the requirement of former sec. 6013(e)(1)(C).  As a result, cases interpreting former sec. 6013(e)(1)(C) remain instructive to our analysis under sec. 6015(b)(1)(C).  Butler v. Commissioner, 114 T.C. 276, 283 (2000).

**[\*11]** <u>Commissioner</u>, slip op. at 14. Therefore, petitioner has met his burden under section 6015(b)(1)(C).

Petitioner has met the remaining requirements of 6015(b)(1). Petitioner and Ms. Tompkins filed a joint tax return for taxable year 2008. <u>See</u> sec. 6015(b)(1)(A). The understatement of tax is attributable solely to the erroneous items of Ms. Tompkins. <u>See</u> sec. 6015(b)(1)(B). Erroneous items of income are allocated to the spouse who was the source of the income. Sec. 1.6015-3(d)(2)(iii), Income Tax Regs. Wage income is allocated to the spouse who performed the services producing the wages. <u>Id.</u> It was Ms. Tompkins who earned the wages that were not included in petitioner and Ms. Tompkins' 2008 joint tax return. Investment income is allocated to the person who owns the investment. <u>Id.</u> It was Ms. Tompkins who received the interest from TCF National Bank.

Section 6015(b)(1)(D) requires that all of the facts and circumstances be taken into account in determining whether it would be inequitable to hold a nonrequesting spouse liable for a deficiency in tax attributable to an understatement of tax on a joint return. One of the relevant factors for this purpose is whether the requesting spouse significantly benefited, directly or indirectly, from the understatement. A significant benefit is in excess of normal

**[\*12]** support.  <u>See</u> sec. 1.6015-2(d), Income Tax Regs.  In cases of omitted income, a requesting spouse is considered to have received a significant benefit if he or she has received property from the nonrequesting spouse that is traceable to items of omitted income.  <u>See</u> <u>id.</u>  Petitioner did not receive any benefit from the omitted income.  The amount of omitted income was small compared with petitioner's wages.  Petitioner provided support for his family.  He was not aware that Ms. Tompkins had income.  We conclude that it would be inequitable to hold petitioner liable for the deficiency in tax attributable to the understatement that was due to Ms. Tompkins' income.

We hold that petitioner is entitled to innocent spouse relief under section 6015(b)(1).  As a result, we do not address the application of section 6015(c)(1) and (f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.