**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-41

UNITED STATES TAX COURT

ERICA L. ALVARADO, Petitioner, AND THOMAS J. SZISZAK II, f.k.a.
THOMAS J. MORRISSEY, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18678-11S.                    Filed May 29, 2013.

Erica L. Alvarado, pro se.

Thomas J. Sziszak II, pro se.

Bryan J. Dotson, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of
section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This proceeding was commenced under section 6015(e) for review of respondent's determination that petitioner is not entitled to relief from joint and several liability for 2008 with respect to a Federal income tax return she filed with her former spouse. The issues presented for consideration are whether petitioner is entitled to relief under section 6015(b), (c), or (f). All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Texas when the petition was filed.

Petitioner and Thomas J. Sziszak II were married on October 26, 2002. During their marriage petitioner worked as an athletic trainer for the El Paso Independent School District. After leaving the U.S. Army in 2003 Mr. Sziszak worked for the New Mexico State Police Department and the Dona Ana County Sheriff's Department until around 2006 or 2007. Thereafter Mr. Sziszak became a full-time student. He was a full-time student in 2008.

Sometime in the fall of 2008 petitioner and Mr. Sziszak decided to separate. Mr. Sziszak needed money to move out of their home and decided to withdraw his retirement benefits from the Public Employees Retirement Association of New Mexico. In order for Mr. Sziszak to withdraw the funds, both he and petitioner had to sign and have notarized a termination notice. Mr. Sziszak told petitioner she needed to sign the termination notice because he could not move out without the funds from his retirement account. Although she does not recall signing it, petitioner's signature is on the termination notice. Both petitioner and Mr. Sziszak signed the termination notice and had it notarized on September 24, 2008. After receiving $9,769 from his retirement account, petitioner moved out of the home sometime in October 2008. Petitioner did not receive any of the proceeds from the termination of Mr. Sziszak's retirement account.

Petitioner and Mr. Sziszak divorced on March 17, 2009. The divorce decree does not mention Mr. Sziszak's retirement account or address who is responsible for paying any tax deficiency for 2008. Also on March 17, 2009, petitioner and Mr. Sziszak filed their joint Federal income tax return for 2008. The $9,769 Mr. Sziszak received from the termination of his retirement account was not reported on the tax return, which reported only wages petitioner earned. Petitioner and Mr. Sziszak reported a $3,390 overpayment of tax on the return. On March 27, 2009,

the Internal Revenue Service (IRS) refunded the entire amount of the overpayment by direct deposit into an account petitioner owned. That same day, petitioner issued a check to Mr. Sziszak for $1,039.68 pursuant to their verbal agreement regarding the 2008 refund.

In a notice of deficiency dated December 27, 2010, the IRS determined that petitioner and Mr. Sziszak were jointly liable for $2,847 of tax. On June 24, 2010, petitioner filed with the IRS Form 8857, Request for Innocent Spouse Relief. On August 17, 2011, the IRS issued petitioner a notice of determination denying her request for innocent spouse relief because it determined that she knew or had reason to know of the understatement, she failed to show it would be unfair to hold her responsible, and she benefited from the tax refund in the form of refundable credits.[1] Petitioner contested that notice of determination in a petition filed August 11, 2011. On December 5, 2011, Mr. Sziszak filed a notice of intervention and was added as a party to this case.

After the taxable year 2008 petitioner has complied with all income tax laws.

---

[1] In his pretrial memorandum and at trial respondent conceded that petitioner did not receive a tax benefit from refundable credits because the amount withheld from her wages exceeded the amount of refunded credits.

## Discussion

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Each spouse filing the return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Pursuant to section 6015(a), however, a taxpayer may seek relief from joint liability.

Petitioner contends she is entitled to relief from joint and several liability pursuant to section 6015(b), (c), or (f). To qualify for relief pursuant to section 6015(b), the requesting spouse must establish that: a joint return was filed; there was an understatement of tax attributable to erroneous items of the nonrequesting spouse; at the time of signing the return, the spouse seeking relief did not know and had no reason to know of the understatement; the requesting spouse sought relief within two years of the first collection activity relating to the liability; and, taking into account all the facts and circumstances, it is inequitable to hold the spouse seeking relief liable for the deficiency in tax attributable to the understatement. Sec. 6015(b)(1).

Section 6015(c) permits a requesting spouse to seek relief from joint and several liability and elect to allocate a deficiency to a nonrequesting spouse if the following conditions are met: a joint return was filed; at the time of the election, the requesting spouse was separated or divorced from the nonrequesting spouse or

has not been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief; the requesting spouse sought relief within two years of the first collection activity relating to the liability; and the requesting spouse did not have actual knowledge, at the time of signing the joint return, of the item giving rise to the deficiency. Sec. 6015(c)(3).

Petitioner did not receive any of the proceeds from the termination of Mr. Sziszak's retirement account. She did, however, sign and have notarized the termination notice after Mr. Sziszak told her he needed to withdraw the funds in his retirement account in order to afford to move out of their martial home. Thus, petitioner had reason to know of the understatement and had actual knowledge of the item (i.e., Mr. Sziszak's termination of his retirement account) that gave rise to the deficiency. See Cheshire v. Commissioner, 115 T.C. 183, 195 (2000) (stating that the knowledge standard for purpose of section 6015(c)(3)(C) is an actual and clear awareness of the existence of the item giving rise to the deficiency), aff'd, 282 F.3d 326 (5th Cir. 2002). Accordingly, petitioner is not entitled to relief from the 2008 liability pursuant to section 6015(b) or (c).

Petitioner contends, in the alternative, that she is entitled to relief pursuant to section 6015(f). Section 6015(f) permits relief from joint and several liability if

it would be inequitable to hold the individual liable for any unpaid tax or deficiency. Sec. 6015(f)(1). Under section 6015(f), the Secretary may grant equitable relief to a requesting spouse on the basis of all the facts and circumstances. Id. Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f). See Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

This Court has jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). See sec. 6015(e)(1). We apply a de novo standard of review as well as a de novo scope of review. See Porter v. Commissioner, 132 T.C. at 210.

Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. 296, 298,[2] provides a list of nonexclusive factors that the Commissioner may weigh in making his

---

[2] On January 5, 2012, the Commissioner issued Notice 2012-8, 2012-4 I.R.B. 309, announcing a proposed revenue procedure updating Rev. Proc. 2003-61, 2003-2 C.B. 296. That proposed revenue procedure, if finalized, will revise the factors that the IRS will use to evaluate requests for equitable relief under section 6015(f). In Sriram v. Commissioner, T.C. Memo. 2012-91, slip op. at 9 n.7, we stated that we would "continue to apply the factors in Rev. Proc. 2003-61, 2003-2 C.B. 296, in view of the fact that the proposed revenue procedure is not final and because the comment period under the notice only recently closed." See also Yosinski v. Commissioner, T.C. Memo. 2012-195 (continuing to apply Rev. Proc. 2003-61, supra); Deihl v. Commissioner, T.C. Memo. 2012-176 (same).

determination relating to innocent spouse relief, including: marital status, economic hardship, knowledge or reason to know, the nonrequesting spouse's legal obligation, significant benefit, compliance with income tax laws, abuse, and mental or physical health.

We find two factors, knowledge and economic hardship, weigh against relief. As we concluded supra, petitioner had reason to know of the understatement because she signed and had notarized the termination and Mr. Sziszak told her she was signing it so he could get access to the funds. We also find that the economic hardship factor weighs against relief because petitioner failed to show that she would suffer economic hardship if denied relief from joint and several liability.[3]

However, three factors weigh in favor of relief. At the time of her request, petitioner was divorced from Mr. Sziszak. She derived no significant benefit from use of the funds giving rise to the 2008 deficiency.[4] Furthermore, petitioner has

---

[3] We note that under Notice 2012-8, sec. 4 .03(2)(b), 2012-4 I.R.B. at 313, the economic hardship factor should be considered neutral where denying relief from joint and several liability will not result in economic hardship to the requesting spouse.

[4] Respondent argues the significant benefit factor is neutral. However, respondent is applying the proposed revenue procedure in Notice 2012-8, supra. The Court, when applying the factors in Rev. Proc. 2003-61, supra, has found this

(continued...)

complied with all income tax laws for the taxable years following her divorce from Mr. Sziszak.

The remaining three factors (abuse, legal obligation, and mental or physical health) are neutral.

Of the factors listed in Rev. Proc. 2003-61, sec. 4.03, three favor relief, three are neutral, and two weigh against relief. After considering and weighing all the factors, we find it would be inequitable to hold petitioner liable for the 2008 tax liability which is attributable to Mr. Sziszak's withdrawal of his retirement funds. Accordingly, she is entitled to relief pursuant to section 6015(f) for 2008.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.

---

[4](...continued)
factor to weigh against relief when the requesting spouse has not received a significant benefit beyond normal support. <u>Porter v. Commissioner</u>, 132 T.C. 203, 212-213 (2009); <u>see also</u> <u>Williamson v. Commissioner</u>, T.C. Memo. 2013-78.