T.C. Memo. 2017-189

UNITED STATES TAX COURT

WILLIAM J. COJOCAR, Petitioner, AND SALLY CARRILLO, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17319-15.                    Filed September 26, 2017.

William J. Cojocar, pro se.

Mason S. Standley, for intervenor.

Bryan J. Dotson and Sheila R. Pattison, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge: Pursuant to section 6015(e)(1),[1] petitioner seeks review of

respondent's determination that he is not entitled to relief from joint and several

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

**[*2]** liability under section 6015(f) for tax year 2011 with respect to the Federal income tax (tax) return that he jointly filed with intervenor, his former spouse.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Texas when the petition was filed.

In 2009 petitioner married intervenor.

For tax year 2011 petitioner and intervenor jointly filed Form 1040, U.S. Individual Income Tax Return (return). In the return petitioner and intervenor reported total income of $201,790. Of that total income, $170,631 was allocable to petitioner's wages and pensions, $30,870 was allocable to intervenor's wages and pensions (intervenor's income), and $289 was allocable to interest income. At the time petitioner and intervenor filed the return, they did not submit a payment for their tax liability and still owed respondent payments for unpaid tax from previous tax years.

On June 16, 2012, petitioner and intervenor entered into an installment agreement with respondent with respect to the 2011 return.

For tax year 2012, petitioner and intervenor each filed a return as married filing separately.

**[*3]**    On February 4, 2013, intervenor filed for divorce.

On October 9, 2013, petitioner and intervenor entered into a mediated settlement agreement (MSA).  An exhibit to that MSA stated in pertinent part: "Husband shall be solely responsible for and shall timely pay all and hold wife harmless from the outstanding income tax liability of the parties for the tax years 2009, 2010, and 2011."

For tax year 2013 petitioner timely filed his return.

On April 28, 2014, the District Court for the Two Hundred and Seventh Judicial District in Comal County, Texas (district court), issued a final decree of divorce (divorce decree).  The divorce decree ordered in pertinent part that "William J. Cojocar shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2011, and shall timely pay any deficiencies, assessments, penalties, or interest due thereon".

On May 1, 2014, respondent received petitioner's timely filed Form 8857, Request for Innocent Spouse Relief, in which petitioner sought relief from joint and several liability for tax years 2009 through 2012.  In that form petitioner reported a total monthly income of $12,258 and total monthly expenses of

[*4] $11,564.20.[2]  In addition, petitioner indicated that he was neither the victim of spousal abuse nor in poor mental or physical health at the time he and intervenor jointly filed the return or at the time he had filed his Form 8857.

For tax year 2014, petitioner timely filed his return.

On June 1, 2015, respondent issued to petitioner a final Appeals determination denying his request for relief from joint and several liability under section 6015(f) for tax year 2011.

For tax year 2015, petitioner timely filed his return.

OPINION

I.     Section 6015(f)

In general, a spouse who files a joint tax return is jointly and severally liable for the entire tax liability.  Sec. 6013(d)(3).  A spouse seeking relief from joint and several liability may follow procedures established in section 6015.  If the disputed liabilities arise from the nonpayment of tax shown in a joint tax return, then the only relief available is under section 6015(f).  See Hopkins v. Commissioner, 121 T.C. 73, 88 (2003); see also Block v. Commissioner, 120 T.C.

---

[2]In Form 8857, instead of reporting a dollar amount, petitioner reported that his monthly expense for his (1) "Retirement contributions (voluntary)" was "10%" and (2) "Income tax withholding (federal, state, and local)" was "Single at 0 Rate".

**[\*5]** 62, 66 (2003). Section 6015(f) authorizes the Commissioner to grant equitable relief from joint and several liability if, taking into account all the facts and circumstances, it is inequitable to hold a taxpayer liable for any unpaid tax.

In determining whether petitioner is entitled to section 6015(f) relief we apply a de novo standard of review as well as de novo scope of review. See Porter v. Commissioner, 132 T.C. 203, 210 (2009). Except as otherwise provided in section 6015, petitioner bears the burden of proving that he is entitled to relief. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004).

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for equitable relief from joint and several liability. Those procedures are set forth in Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403. The Court considers the guidelines set forth in Rev. Proc. 2013-34, sec. 4, when reviewing the Commissioner's denial of relief, but we are not bound by them as our determination ultimately turns on an evaluation of all the facts and circumstances. See Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Porter v. Commissioner, 132 T.C. at 210; Hudgins v. Commissioner, T.C. Memo. 2012-260.

**[\*6]** A.    <u>Threshold Requirements for Granting Relief</u>

Rev. Proc. 2013-34, sec. 4.01, sets forth seven threshold requirements that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Those seven requirements are:  (1) the requesting spouse filed a joint tax return for the taxable year for which he or she seeks relief; (2) relief is not available to the requesting spouse under section 6015(b) or (c); (3) the requesting spouse's claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint tax return; and (7) absent certain exceptions, the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse.[3]

---

[3]For the seventh threshold condition, the Commissioner will consider granting relief regardless of whether the understatement, deficiency, or underpayment (in full or in part) is attributable to the requesting spouse if any of the following exceptions apply:  (1) attribution solely due to the operation of community property law; (2) nominal ownership; (3) misappropriation of funds; (4) abuse; and (5) fraud committed by the nonrequesting spouse.  Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. 397, 399.

[*7]   Petitioner is claiming relief under section 6015(f) only for the portion of the underpayment attributable to intervenor's income.[4]  Respondent does not dispute that petitioner meets the first six threshold requirements.  On the record before us, we find that petitioner has met the threshold requirements for relief under section 6015(f) for the portion of the underpayment attributable to intervenor's income.

B.      Conditions for Streamlined Determination

If the requesting spouse satisfies the threshold requirements set forth in Rev. Proc. 2013-34, sec. 4.01, then Rev. Proc. 2013-34, sec. 4.02, sets forth three conditions that a requesting spouse must satisfy to qualify for a streamlined determination granting relief under section 6015(f).  Those conditions are:  (1) the requesting spouse is not married to the nonrequesting spouse; (2) the requesting spouse will suffer economic hardship if relief is not granted; and (3) in an underpayment case, as of the date the return was filed or the date the requesting spouse reasonably believed the return was filed, the requesting spouse did not know or have reason to know that the nonrequesting spouse would not or could not pay the tax liability at that time of or within a reasonable period of time after the filing of the return.  Rev. Proc. 2013-34, sec. 4.02.

_____

[4]It is unclear whether the $289 allocable to interest income was attributable to petitioner's or intervenor's income.  Nonetheless, it is not relevant to our holding in this case.

[*8]   On the record before us, we find that petitioner has failed to carry his burden of establishing that (1) he will suffer economic hardship if relief is not granted and (2) he did not know or have reason to know that the nonrequesting spouse would not or could not pay the tax liability.  See infra pp. 9-13.  On that record, we find that petitioner does not qualify for a streamlined determination under Rev. Proc. 2013-34, sec. 4.02.

C.      Factors Considered for Granting Equitable Relief

If a requesting spouse meets the threshold requirements set forth in Rev. Proc. 2013-34, sec. 4.01, but fails to qualify for a streamlined determination under Rev. Proc. 2013-34, sec. 4.02, then he or she may still be eligible for relief under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse responsible for all or part of the liability. In making that decision, we will weigh a number of factors:  (1) marital status; (2) economic hardship; (3) in the case of an underpayment, knowledge or reason to know that the tax liability would or could not be paid; (4) legal obligation to pay the outstanding tax liability; (5) receipt of a significant benefit from the unpaid tax liability; (6) compliance with tax laws; and (7) mental or physical health at the time of filing.  In making our determination, however, no single factor is determinative, and we may vary the weight we assign to each factor or to include

**[\*9]** other factors, depending on the specific circumstances of each case. See

Pullins v. Commissioner, 136 T.C. at 448; Hall v. Commissioner, T.C. Memo.

2014-171, at \*38.

### 1. Marital Status

Under this factor, we consider whether the requesting spouse was married to

the nonrequesting spouse at the time the Commissioner made his determination.

See Rev. Proc. 2013-34, sec. 4.03(2)(a). This factor will weigh in favor of relief

if, at the time the Commissioner made his determination, the requesting spouse

was not married to the nonrequesting spouse. Id. This factor will be neutral if, at

the time the Commissioner made his determination, the requesting spouse was

married to the nonrequesting spouse. Id.

At the time the Commissioner made his determination, petitioner was no

longer married to intervenor. This factor weighs in favor of relief.

### 2. Economic Hardship

Under this factor, we consider whether the requesting spouse will suffer

economic hardship if relief is not granted. Id. sec. 4.03(2)(b). A determination

whether a requesting spouse will suffer economic hardship is based on rules

similar to those in section 301.6343-1(b)(4), Proced. & Admin. Regs. That

regulation generally provides that economic hardship exists when an individual is

**[*10]** unable to pay his or her reasonable basic living expenses.  Section

301.6343-1(b)(4), Proced. & Admin. Regs., provides in pertinent part:

     (ii) Information from taxpayer.--In determining a reasonable amount for basic living expenses the director will consider any information provided by the taxpayer including--

        (A) The taxpayer's age, employment status and history, ability to earn, number of dependents, and status as a dependent of someone else;

        (B) The amount reasonably necessary for food, clothing, housing (including utilities, home-owner insurance, home-owner dues, and the like), medical expenses (including health insurance), transportation, current tax payments (including federal, state, and local), alimony, child support, or other court-ordered payments, and expenses necessary to the taxpayer's production of income (such as dues for a trade union or professional organization, or child care payments which allow the taxpayer to be gainfully employed);

        (C) The cost of living in the geographic area in which the taxpayer resides;

        (D) The amount of property exempt from levy which is available to pay the taxpayer's expenses;

        (E) Any extraordinary circumstances such as special education expenses, a medical catastrophe, or natural disaster; and

        (F) Any other factor that the taxpayer claims bears on economic hardship and brings to the attention of the director.

[*11]  In addition, we must consider the requesting spouse's current income (including how the requesting spouse's income compares to Federal poverty guidelines), assets, and expenses.  Rev. Proc. 2013-34, sec. 4.03(2)(b).  This factor will weigh in favor of relief where the requesting spouse would suffer economic hardship if relief were denied.  Id.  This factor will be neutral where the requesting spouse would not suffer economic hardship if relief were denied.  Id.

In Form 8857 petitioner reported monthly income of $12,258.  At trial petitioner testified that his total monthly income had increased to approximately $13,166.  If we use his self-reported monthly income or his testimony as a baseline, petitioner's annual income is well above 250% of the Federal poverty guidelines for tax year 2011.  See id.  Petitioner also reported monthly expenses of $11,564.20.[5]

At trial petitioner did not adequately address this factor.  Instead petitioner chose to focus his testimony on the belief that intervenor would not suffer economic hardship if she was ordered to pay the disputed portion of their 2011 tax liability.

---

[5]See supra note 2 for a description of petitioner's Form 8857.  In reviewing petitioner's monthly expenses reported in Form 8857, we will not consider petitioner's monthly expense for his "Retirement contributions (voluntary)" or "Income tax withholding (federal, state, and local)".

**[\*12]**  On the record before us, petitioner has failed to carry his burden of establishing that he will suffer economic hardship if relief is not granted.  This factor is neutral.

### 3.  Knowledge or Reason To Know

Under this factor, we examine whether the requesting spouse knew or had reason to know that the nonrequesting spouse would not or could not pay a reported but unpaid tax liability.  See id. sec. 4.03(2)(c)(ii).  In determining whether the requesting spouse had reason to know that the nonrequesting spouse would not or could not pay, the following facts and circumstances are considered: (1) the requesting spouse's level of education; (2) the requesting spouse's degree of involvement in the activity generating the tax liability; (3) the requesting spouse's involvement in the business or household financial matters; (4) the requesting spouse's business or financial expertise; (5) any deceit or evasiveness of the nonrequesting spouse; and (6) any lavish or unusual expenditures compared with past spending levels.  Id. sec. 4.03(2)(c)(iii).

This factor will weigh in favor of relief if the requesting spouse expected the nonrequesting spouse to pay the tax liability reported on the return and will weigh against relief if the requesting spouse's belief that the nonrequesting spouse would pay was not reasonable.  Id. sec. 4.03(2)(c)(ii).  This factor generally will

[*13] weigh against relief where the requesting spouse knew of the nonrequesting spouse's prior bankruptcies, financial difficulties, or other problems with the IRS or other creditors. Rev. Proc. 2013-34, sec. 4.03(2)(c)(ii).

At the time petitioner and intervenor filed the return, petitioner was aware that (1) there was an amount due on the return, (2) no payment was made at the time the return was filed, and (3) petitioner and intervenor still owed the IRS payments for previous tax years. Moreover, petitioner was the primary income producer of the household and was involved in household financial matters. Lastly, petitioner stated on Form 8857 that he was not the victim of spousal abuse.[6]

On the record before us, petitioner knew or had reason to know that the nonrequesting spouse would not or could not pay a reported but unpaid tax liability. This factor weighs against relief.

---

[6]We also find it unreasonable for petitioner to believe that intervenor would be able to make the payments contemplated in the installment agreement for tax year 2011 because: (1) petitioner was the primary income producer of the household; (2) petitioner testified that he and intervenor entered into the 2011 installment agreement only because he had outstanding tax liabilities from previous years; and (3) at the time petitioner and intervenor would have sent the installment agreement request for tax year 2011, petitioner and intervenor still had outstanding tax liabilities for prior tax years.

**[*14]**        4.        <u>Legal Obligation</u>

Under this factor, we consider whether the requesting spouse had a legal obligation arising from a divorce decree or another binding agreement to pay the outstanding tax liability. <u>Id.</u> sec. 4.03(d). This factor will weigh in favor of relief if the nonrequesting spouse has the sole legal obligation to pay the outstanding tax liability pursuant to a divorce decree. <u>Id.</u> This factor will weigh against relief where the requesting spouse has the sole legal obligation to pay the outstanding tax liability pursuant to a divorce decree. <u>Id.</u> This factor will be neutral if the requesting spouse knew or had reason to know that the nonrequesting spouse would not pay the tax liability when the requesting spouse entered into the divorce decree or agreement. <u>Id.</u>

Petitioner has the sole legal obligation to pay the outstanding tax liability pursuant to a divorce decree. On April 28, 2014, the district court issued a divorce decree that ordered in pertinent part: "William J. Cojocar shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2011, and shall timely pay any deficiencies, assessments, penalties, or interest due thereon".

This factor weighs against relief.

**[*15]**          5.          Significant Benefit

Under this factor, we consider whether the requesting spouse received a significant benefit, beyond normal support, from the unpaid tax liability. Rev. Proc. 2013-34, sec. 4.03(2)(e). Normal support is measured by the circumstances of the particular parties. Porter v. Commissioner, 132 T.C. at 212. This factor will weigh in favor of relief (1) if the nonrequesting spouse significantly benefited from the unpaid tax and the requesting spouse had little or no benefit or (2) if the nonrequesting spouse enjoyed the benefit to the requesting spouse's detriment. Rev. Proc. 2013-34, sec. 4.03(2)(e).

Petitioner did not adequately address this factor in his filings with the Court or at trial. This factor is neutral.

          6.          Compliance With Tax Laws

Under this factor, we consider whether the requesting spouse made a good-faith effort to comply with the tax laws for the taxable years following the year for which relief is requested. Id. sec. 4.03(2)(f). This factor will weigh in favor of relief if the requesting spouse is in full compliance for the tax years after being divorced from the nonrequesting spouse. Id. sec. 4.03(2)(f)(i). This factor will weigh against relief if the requesting spouse is not in full compliance with tax laws for the tax years after being divorced from the nonrequesting spouse. Id. This

[*16] factor will be neutral if the requesting spouse made a good-faith effort to comply with the tax laws for the tax years after being divorced from the nonrequesting spouse but was unable to comply. Id.

Since the divorce in 2014 petitioner has timely filed his returns. Petitioner has made a good-faith effort to comply with the tax laws for the taxable years following the year for which relief is requested. This factor weighs in favor of relief.

### 7. Mental or Physical Health

Under this factor, we consider whether the requesting spouse was in poor physical or mental health. Id. sec. 4.03(2)(g). This factor will weigh in favor of relief if the requesting spouse was in poor mental or physical health at the time the return was filed or at the time the requesting spouse requested relief. Id. This factor is neutral if the requesting spouse was not in poor physical or mental health. Id.

In Form 8857 petitioner indicated that he was not in poor mental or physical health at the time the return was filed, or at the time he filled out that form. This factor is neutral.

[*17] II.    Conclusion

In summary, two of the factors weigh in favor of granting relief while two of the factors weigh against granting relief.  The remaining factors are neutral.  However, our decision whether relief is appropriate is not based on a simple tally of factors.  See, e.g., Hudgins v. Commissioner, T.C. Memo. 2012-260.  Rather, our decision is heavily influenced by the totality of the circumstances in this case.  Weighing all the facts and circumstances, we are not persuaded that it would be inequitable to deny petitioner relief from joint and several liability under section 6015(f).  Considering that petitioner knew or had reason to know that intervenor would not or could not pay the tax liabilities reported in the 2011 return, and in the absence of economic hardship, we conclude that it would not be inequitable to deny petitioner relief under section 6015(f) for tax year 2011.

We have considered all the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.